**544**

Private John Thomas BRADLEY, Jr.,
Petitioner,

v.

Hon. Melvin LAIRD, Secretary of Defense, Hon. Stanley R. Resor, Secretary of the Army, Commanding Officer U. S. Army Correctional Training Facility, Fort Riley, Kansas; and Lt. Gen. Lewis B. Hershey, National Director of Selective Service, Respondents.

Civ. No. L–964.

United States District Court,
D. Kansas.

April 6, 1970.

Marvin M. Karpatkin, Alan H. Levine, New York City, Wayne T. Stratton, Topeka, Kan., for petitioner.

Robert J. Roth, U. S. Atty., Richard E. Oxandale, Asst. U. S. Atty., Wichita, Kan., for respondents.

## MEMORANDUM OF DECISION

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

TEMPLAR, District Judge.

This is a habeas corpus proceeding instituted by petitioner to obtain his release from custody in which he is now held by the Military Authorities of the United States within the jurisdiction of this Court.

Petitioner had been given a student deferment by his Local Draft Board and had been classified II–S in 1966. In April 1968, petitioner, undertaking to express a protest or objection to the United States foreign and military policy in Vietnam, with others, mailed his draft card in an envelope addressed to the Attorney General, Washington, D.C.

Thereafter, on August 28, 1968, his Local Board was made aware of the fact that petitioner had sent his draft card to the Attorney General, and on September 26, 1968, he was reclassified from II–S to I–A by the Draft Board, after the Board had declared him delinquent because "registrant has turned in registration certificate SSS Form 2."

The action of the Board was consistent with a Local Board Memorandum issued by the Director on October 24, 1967, in which under such circumstances the Board was directed to "reclassify

the registrant into a class available for service as a delinquent."

Though it appears that the Board could have reclassified petitioner I–A on other grounds, it obviously did not do so and the record shows conclusively that his classification was based on the finding that he had "turned in his registration certificate."

■ Respondent urges the Court to dismiss the petition for lack of jurisdiction and because the record demonstrates that petitioner was subject to be reclassified and inducted in any event, and, therefore, suffered no prejudice. Though petitioner could have been inducted had other procedures been followed, the case falls squarely under that rule laid down in Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 236, 237, 89 S.Ct. 414, 21 L. Ed.2d 402, which held that similar action by a Draft Board was basically lawless, and in Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970), which held in effect that delinquency regulations could not be utilized for the purpose of applying sanctions apart from authorized criminal prosecutions.

■ As to jurisdiction, the Court reads Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970), as an answer to this contention. There, an inductee challenged his order for induction on the ground that his delinquency reclassification was invalid. He had taken an appeal from the order reclassifying him and the court action was filed and the case heard pending the appeal. Jurisdiction of the court was sustained on the basis that the induction was unlawful. It would be strange if a court could entertain an action while an inductee had an appeal pending and could not have jurisdiction in a situation where no appeal is pending.

■ Though the actions of petitioner may very well be subject to criminal prosecution, this Court must follow the clear declarations of the Supreme Court.

The Court, following an evidentiary hearing, took the case under advisement, received briefs and additional documentary evidence, all of which the Court has carefully examined and considered. From the evidence submitted, the stipulations of the parties and admissions of record, the Court, upon being fully advised in the premises, makes the following

FINDINGS OF FACT:

1. Petitioner was born on the 3rd day of July, 1948, and was approximately the 242nd male to register with Local Board No. 82, Scranton, Pennsylvania, during the calendar year 1966; that the petitioner is 21 years and 8 months of age; that he is presently in the custody of the respondents at the United States Army Correctional Training Facility at Fort Riley, Kansas.

2. The petitioner registered with Selective Service Local Board No. 82, Scranton, Pennsylvania on the 5th day of July, 1966, and was, on the 23rd day of September, 1966, classified I–A by the unanimous vote of the Local Board, and that the members voting constituted a quorum of the Local Board; and petitioner was mailed a notice of his classification on the same day.

3. On the 6th day of October, 1966, the petitioner's Local Board received a letter from the petitioner in which the petitioner requested an undergraduate student deferment (Respondent's Exhibit "B"); and that thereafter, on the 7th day of October, 1966, the petitioner's Local Board received a form which had been superseded by SSS Form 109, but which was then an equivalent to the present SSS Form 109; that the said student certificate indicated that the beginning date for the petitioner's school year was the 19th day of September, 1966, that the school year would end in June of 1967, and that the date the petitioner would receive his baccalaureate degree would be in 1970; that thereafter, on the 21st day of October, 1966, the petitioner was classified II–S by the unanimous vote of the Local Board, and that

the members voting constituted a quorum of the said Local Board; that thereafter, on the 3rd day of November, 1966, said Local Board mailed to the petitioner a notification of classification (SSS Form 110) notifying the petitioner that he had been classified II–S; that the said Form 110 contains a brief notice of the registrant's right to personal appearance and appeal before the local board and further advised the registrant that he was required to notify his Local Board in writing within ten days of every change in the registrant's address, physical condition and occupation (including student), marital, family, dependency and military status, and as to any other fact which might change his classification.

4. On the 21st day of August, 1967, the said Local Board received an undergraduate college student certificate (Respondents' Exhibit "D"), which indicated that the petitioner completed one year of undergraduate study on the 5th day of June, 1967; that he finished the year in the upper three-fourths of his class; and that he would receive his baccalaureate degree in 1970.

5. Thereafter, the petitioner requested deferment as an undergraduate student on SSS Form 104, which was received by his Local Board on September 27, 1967; the said request for undergraduate student deferment was acted upon by the petitioner's Local Board on the 27th day of November, 1967, by the unanimous vote of the Local Board, and that the members voting constituted a quorum of the Local Board; that he was thereafter mailed a notice of his classification by the said Local Board on the 6th day of December, 1967, and that at no time thereafter did the registrant submit to or provide the Board with verification of his undergraduate status nor did he advise the Board that he had changed his residence as required by the selective service regulations and as set forth on SSS Form 110.

6. On August 28, 1968, petitioner's Local Board received a copy of a letter dated August 22, 1968, addressed to Brigadier General Henry M. Gross, Pennsylvania State Director of Selective Service, and signed by Joe D. Jamieson, Special Agent in Charge of the Philadelphia, Pennsylvania office of the Federal Bureau of Investigation. Such letter reads as follows:

"On April 19, 1968, the U. S. Department of Justice, Washington, D. C., furnished Special Agents of the FBI a special delivery envelope which was addressed to the Attorney General, Washington, D.C., and was marked 'certified mail.' The envelope was postmarked April 17, 1968, at Boston, Mass., and bore a return address of 'New England Resistance, 27 Stanhope Street, Boston, Mass. 02116, (617) 536-9793.'

"Contained in the envelope were a number of items, which included Selective Service Registration Certificates and Selective Service Notices of Classification. One of the items enclosed was a Duplicate Selective Service System Registration Certificate for John Thomas Bradley, Jr., Selective Service No. 36–82–48–242.

"A xerox copy of this item is enclosed for your assistance in connection with consideration for an appropriate classification of this person. A xerox copy is also enclosed for the U. S. Attorney, Eastern District of Pennsylvania, Philadelphia, and the U. S. Attorney, Boston, where the card was turned in.

"No investigation is being conducted concerning this matter unless requested by the appropriate U. S. Attorney."

7. The registrant was declared delinquent by his Local Board on August 28, 1968, but was not then reclassified; the reason for the declaration of delinquency given to the petitioner on SSS Form 304 was, "registrant has turned in registration certificate, SSS Form 2"; that the said form was mailed to the petitioner on the same day that the petitioner was declared delinquent. (Respondents' Exhibit "H").

8. On the 26th day of September, 1968, the petitioner and eleven other registrants were classified I–A; that at the same time, four other registrants formerly classified II–S were also classified I–A and that each of the said other registrants so reclassified were younger than petitioner (Respondents' Exhibits "A–7" and "U", Minutes of Board meeting dated September 26, 1968, Sheet No. 3 of four sheets.).

9. On the 4th day of October, 1968, the petitioner was mailed SSS Form 110 which notified the petitioner that he had been classified I–A and further advised the petitioner of his right to a personal appearance before the Board and of an appeal.

10. On the 30th day of October, 1968, the petitioner was notified to report on the 12th day of November, 1968, for an Armed Forces Physical Examination (SSS Form 223); that this was over one month after the petitioner's reclassification and almost one month after the start of the fall term of the college the petitioner was last known by the said Local Board to have been attending according to information previously submitted to the Board by the petitioner or his college; that the petitioner reported late for his Armed Forces Physical Examination on the 12th day of November, 1968, and was notified thereafter on the 20th day of November, 1968, to report for his Armed Forces Physical Examination on December 4, 1968, (Respondents' Exhibits "J" and "K").

11. That on November 12, 1968, the said petitioner's Local Board prepared Department of Defense Form 47, pursuant to 32 C.F.R. § 1632.5, which is to include, *inter alia*: " * * * all other information concerning the qualification of the registrant for service in the Armed Forces * * *." In Box 9(a) of that form, petitioner's present civilian occupation was described by the word "Student."

12. On December 4, 1968, the petitioner underwent an Armed Forces Physical Examination and on the same day the Local Board transmitted to the said Armed Forces Examination and Entrance Station Department of Defense Form No. 62; that thereafter the said Armed Forces Examination and Entrance Station forwarded to the petitioner's Local Board Department of Defense Form No. 62 advising the said Local Board that the said petitioner was acceptable for induction. (See Respondents' Exhibits "L" and "M").

13. On the 28th day of January, 1969, a Delivery List in response to Call No. 224 was prepared by the petitioner's Local Board and that of non-volunteering registrants included in the Delivery List, five registrants were older than the petitioner and three were younger and that of those registrants who were born in 1948 and were included in the said Delivery List, two were younger.

14. Thereafter, the petitioner was notified by his Local Board to report for induction on the 10th day of February, 1969, by sending him SSS Form 252, which was mailed by the said Local Board to the petitioner on the 28th day of January, 1969. (See Respondents' Exhibit "N".)

15. On the 10th day of February, 1969, petitioner reported for and was inducted into the United States Army.

16. Though petitioner had been granted a II–S deferment before his reclassification as I–A after the Board had determined him to be delinquent, he had failed to submit evidence to his Local Board that would have afforded a basis of fact for extending his deferment as a student.

17. The petitioner did not keep his Local Board advised as to changes in his address, changes in his college enrollment or class standing; petitioner had adequate and full notice of his right to take an appeal from his classification from II–S to I–A; petitioner failed to take an appeal within the Selective Service System.

18. Petitioner is presently charged with a violation of Article 92 of the Uniform Code of Military Justice in that he did unlawfully possess a certain quantity of the drug known as LSD.

19. Possession of LSD is prosecutable in the appropriate civilian courts as a violation of either Kansas or Federal statutes.

20. The record discloses that petitioner was declared delinquent and ordered inducted as a result and by reason of the view of his Local Board that the act of turning in his Selective Service Registration Certificate justified and required such action on the part of his Local Board. There is nothing in petitioner's Selective Service file which indicates that petitioner was declared delinquent and ordered inducted for any other reason.

From the foregoing Findings of Fact, the Court makes the following

## CONCLUSIONS OF LAW:

1. The law as declared in the cases of *Gutknecht, Breen,* and *Oestereich,* supra, controls the determination of the issues in this proceeding. Also see McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194.

2. Since petitioner's induction as a delinquent was unauthorized by statute, his induction was unlawful.

3. It follows that if his induction was unlawful, he is not legally within the United States Army and thus not subject to court-martial jurisdiction. Accordingly, petitioner cannot be tried for the charges pending against him by court-martial.

4. These findings and conclusions entitle petitioner to an order sustaining the writ of habeas corpus, and directing his discharge from the United States Army forthwith.

5. Counsel for petitioner will prepare an appropriate order to this effect.