**Gerald Hall FOSTER**

**v.**

**UNITED STATES of America.**

**Civ. No. 13901.**

United States District Court,
D. Connecticut.

July 1, 1970.

John P. Febbroriello, Winsted, Conn., for plaintiff.

F. Mac Buckley, Asst. U. S. Atty., Hartford, Conn., for defendant.

RULING ON MOTION TO VACATE
THE SENTENCE

BLUMENFELD, District Judge.

This is a petition brought under 28 U.S.C. § 2255 seeking vacation of the sentence and judgment of conviction imposed upon a plea of guilty to an indictment charging petitioner with failure to report for induction into the Armed Forces in violation of 50 App.U.S.C. § 462. Petitioner was sentenced under the Youth Corrections Act to an indeterminate sentence, not to exceed four years.

The file introduced into evidence at the hearing on this petition reveals that on February 29, 1968, petitioner Foster, then classified I–A, had been declared delinquent by Local Board No. 20 for "failure to have your registration certificate and classification card in your possession." On April 2, 1968, the local board mailed petitioner an order to report for induction on April 10, 1968 (later postponed to May 20, 1968). At the top of that order (SSS Form 252)

appeared the comment "IMMEDIATE INDUCTION AS A DELINQUENT."

Foster refused induction and was indicted. On March 17, 1969, he pleaded guilty to the indictment after having voluntarily waived his right to counsel. Because he was still a minor, his mother was appointed guardian ad litem. At the time of the plea, the indictment before the court charged him only with a failure to report for induction, without disclosing that the order had been accelerated because of his "delinquency." Before accepting the plea, the court inquired of the United States Attorney: "Is there any indication in the file or from anything you know that he might have a defense to his classification and the order to report?" The United States Attorney replied: "I don't think he'd have any defense, your Honor." Being satisfied of the voluntariness of the plea and waiver of counsel, the court allowed the plea of guilty to be entered and subsequently, on May 5, 1969, imposed sentence. Foster did not appeal from the conviction.[1]

### Collateral Relief

"Conventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged." *See* Kaufman v. United States, 394 U.S. 217, 228, 89 S.Ct. 1068, 1075, 22 L.Ed.2d 227 (1969).

On January 19, 1970, the Supreme Court decided Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970), holding invalid the delinquency regulations by virtue of which Gutknecht, as well as Foster, was

ordered to report for accelerated induction for having turned in his draft card. The Court characterized the local board's power conferred by the delinqency provisions as "a broad, roving authority, a type of administrative absolutism not congenial to our law-making traditions." *Id.* at 306, 90 S.Ct. at 511, 24 L.Ed.2d 532. *See also,* Breen v. Local Bd. No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970) (denial of II–S deferment for delinquency held to be a "clear departure by the Board from its statutory mandate"); Oestereich v. Selective Serv. Bd., 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968) (denial of draft exemption for delinquency held to be unauthorized and "blatantly lawless"). It is clear then that the order imposing on Foster accelerated induction for delinquency was unauthorized.[2]

The fact that in *Gutknecht* it was unnecessary to reach the constitutional issue implicit in the holding that there was "no statutory standard or even guidelines," 396 U.S. at 306, 90 S.Ct. at 511, 24 L.Ed.2d 532, does not remove the constitutional issue in the context of jurisdiction to consider post-conviction relief any more than a failure to reach a constitutional issue would defeat jurisdiction of a three-judge district court. *See* Zemel v. Rusk, 381 U.S. 1, 6–7, 85 S.Ct. 1271, 14 L.Ed.2d 179 (1965); Oestereich v. Selective Serv. Bd., *supra*, 393 U.S. at 237, 89 S.Ct. 414, 21 L.Ed.2d 402.

In United States v. Kelly, 314 F. Supp. 500 (E.D.N.Y. 1970), post-conviction relief was granted to a petitioner in substantially the same position as Foster. In *Kelly*, the petitioner was

---

1. At sentencing, the court told the petitioner: "You have been found guilty on your plea of guilty. I take it that under those circumstances you would not be entitled to an appeal because there is no basis for claiming any error in the judgment of the court." While the constitutional imperative of Fed.R.Crim.P. 11, McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), applies only to guilty pleas accepted after April 2, 1969, Halliday v. United States, 394 U.S. 831, 89 S.Ct.

1498, 23 L.Ed.2d 16 (1969), it is not inconceivable that this remark might be construed to undermine a finding that the petitioner voluntarily waived his right to appeal under demanding federal standards. *Cf.* Felder v. United States, 429 F. 2d 534 (2d Cir. June 25, 1970).

2. The government concedes that the statute did not make it a crime to refuse to obey an order for induction accelerated on the basis of an unauthorized delinquency regulation.

classified II–S when his local board declared him delinquent for failure to have his registration certificate and notice of classification in his possession. As a consequence of the delinquency determination, the local board reclassified him I–A and ordered him for accelerated induction as a delinquent. Kelly refused to be inducted and was indicted. Like Foster, Kelly pleaded guilty and was sentenced under the Youth Corrections Act. Unlike Foster, Kelly pleaded with the advice of counsel.

Judge Zavatt in the *Kelly* case treated at length the troublesome questions of the effect of a guilty plea and of the failure to appeal the conviction. I fully concur in his analysis which concluded that neither was a bar to collateral relief. To hold otherwise, on the sole ground that a guilty plea waives all defenses not raised, would be a gross miscarriage of justice. *See* United States ex rel. Kulick v. Kennedy, 157 F.2d 811, 813 (2d Cir. 1946), rev'd Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). One who was not represented and who had no way of knowing of the existence of a defense should not be held to suffer the consequences of "unbridled discretion" of an administrative board. Gutknecht v. United States, *supra*, 396 U.S. at 306, 90 S.Ct. 506, 24 L.Ed.2d 532. Particularly is this so when another, in precisely the same predicament, obtains the best of both worlds by submitting to an induction instead of a conviction; he serves in the Army instead of in prison, and may at any time challenge his induction by habeas corpus. *See* Andre v. Resor, 313 F.Supp. 957 (N.D.Cal. 1970).

### *Retroactivity*

At least two courts have already had occasion to consider the retroactivity vel non of *Gutknecht*. Andre v. Resor, *supra*; United States v. Kelley, *supra*. Both decided in favor of its retroactive application. *See also*, Bradley v. Laird, 315 F.Supp. 544 (D.Kan. 1970). I fully subscribe to the reasoning of Judge Zavatt in his thoroughly considered opinion on this issue in United States v. Kelly.

The petitioner stands committed for a matter of which the Supreme Court has said by law no man ought be criminally punished. "We do not deal here, however, with considerations of res judicata and vested rights, but with the question whether, consonant with our society's conceptions of due process and general constitutional law," United States ex rel. Durocher v. LaVallee, 330 F.2d 303, 312 (2d Cir.) (en banc), cert. denied, 377 U.S. 998, 84 S.Ct. 1921, 12 L.Ed.2d 1048 (1964), the petitioner must be denied relief because he happened to be prosecuted before the decision in *Gutknecht*. There is no sufficient reason for the court to be imprisoned by an abstract doctrine of nonretroactivity. *Cf.* Griffin v. Illinois, 351 U.S. 12, 25–26, 76 S.Ct. 585, 100 L.Ed. 891 (1956) (dissenting opinion of Mr. Justice Frankfurter).

I hold that petitioner is entitled to collateral relief authorized by 28 U.S.C. § 2255, that on the basis of *Gutknecht*, the order to report for induction was unauthorized, and that his conviction and sentence based on failure to obey that order must be set aside. Petitioner's motion to vacate his sentence and conviction is granted.

So ordered.