UNITED STATES of America

v.

**David Allen RUMON, Defendant.**

**Civ. A. No. 70–737.**

United States District Court,
W. D. Pennsylvania.

Aug. 5, 1970.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for plaintiff.

R. Stanton Wettick, Jr., Pittsburgh, Pa., for defendant.

OPINION

GOURLEY, District Judge:

This is a Motion to Vacate Sentence filed pursuant to Title 28 U.S.C. § 2255 by an inmate of a federal penal institution who is serving a three year term of imprisonment imposed by this member of the Court in Criminal Action 68–154 following movant's plea of guilty to a violation of Section 462(a) of Title 50, U. S.C. App. A hearing was conducted upon the Motion on July 30, 1970. Upon consideration of the briefs and oral argument of counsel, the Court is of the opinion that the Motion should be granted.

On October 26, 1967, movant, a full time undergraduate student at Penn State University, was granted a II–S student deferment until September, 1968

by his local selective service board. On October 31, 1967, while so classified, movant returned his Registration Certificate and Notice of Classification to his local board, stating that he did not believe in war or the draft system and wished to have no part of the selective service system. On November 28, 1967, while still classified II–S, he was declared delinquent by his local board pursuant to the Selective Service Delinquency Regulations, 32 C.F.R. § 1642, for failure to have these documents in his possession. Consequently, he was reclassified I–A and placed in group one priority in the order of call pursuant to 32 C.F.R. §§ 1642.13 and 1631.7. On January 25, 1968 he was ordered to report for induction on February 6, 1968. The defendant failed to report for induction on that date.

Thereafter, on June 18, 1968, movant was indicted by the grand jury. The one-count indictment charged him with knowingly failing, neglecting and refusing to report for induction as directed by his local board and as required by the Military Selective Service Act of 1967 and rules, regulations and directives issued pursuant thereto. On September 19, 1968, movant appeared with counsel before this Court and pleaded guilty. On October 31, 1968 he was sentenced by this member of the Court to a three year term of imprisonment which he is presently serving in the Federal Prison Camp at Allenwood, Pennsylvania. No appeal was taken from the judgment of conviction and sentence.

Movant now files the instant Motion to Vacate Sentence in reliance upon the decision rendered by the Supreme Court of the United States on January 19, 1970 in the case of Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L. Ed.2d 532 (1970). The principles enunciated in that case were reiterated by the Supreme Court on January 26, 1970 in the case of Breen v. Selective Service Local Board, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970).

In Gutknecht v. United States, *supra*, the United States Supreme Court reversed the conviction of a defendant found guilty of willfully and knowingly neglecting a duty required of him under the Selective Service Act by failing to submit to induction. The defendant had been given first priority in the order of call for induction after having been. declared delinquent for failing to have his Registration Certificate and his current Classification Notice in his personal possession, as required by 32 C.F.R. § 1642. The Supreme Court held that the Delinquency Regulations accelerating the induction of a registrant for failure to possess his Registration Certificate and Notice of Classification were null and void, finding that existing legislation did not authorize the promulgation of these Selective Service Delinquency Regulations. Consequently, the order of the local board to the registrant to submit for induction out of the prescribed order, being based on regulations unauthorized by the Selective Service Act, was equally null and void. In reversing the conviction of the registrant, the Supreme Court necessarily implied that the registrant had no duty to submit to an induction which had been accelerated pursuant to void delinquency regulations and, therefore, had committed no criminal offense by refusing to submit to such an induction.

One week subsequent to the *Gutknecht* decision and in reliance upon the same, the Supreme Court rendered its decision in Breen v. Selective Service Local Board No. 16, *supra*, enjoining the induction into the armed services of a student previously classified II–S and then re-classified I–A (available for military service) pursuant to 32 C.F.R. § 1642 after he surrendered his Registration Certificate.

The sole question presented here is whether the *Gutknecht* decision, *supra*, should be accorded retrospective application to persons convicted for refusing to comply with orders to report for induction resulting from their re-classification or acceleration prior to January 19, 1970 pursuant to the delinquency regulations.

In neither *Gutknecht, supra,* nor *Breen, supra,* did the Supreme Court state whether those decisions were to be applied retroactively or prospectively. The Constitution neither prohibits nor requires that the decision be given retrospective effect. Linkletter v. Walker, 381 U.S. 618, 629, 85 S.Ct. 1731, 14 L. Ed.2d 601 (1965). In *Linkletter, supra,* the Supreme Court stated at 629, 85 S. Ct. at 1738:

> "Once the premise is accepted that we are neither required to apply, nor prohibited from applying, a decision retrospectively, we must then weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation."

In considering whether to give retrospective application to a decision, a basic criterion is whether the new principle enunciated affects the fundamental fairness and integrity of a trial. Linkletter v. Walker, *supra,* at 629, 85 S.Ct. 1731; United States ex rel. Allison v. New Jersey, 418 F.2d 332, 337 (3d Cir. 1969). The ruling in *Gutknecht, supra,* did not merely invalidate a procedural aspect of a registrant's trial for refusing to submit to an accelerated induction. Rather, it declared by necessary implication that the registrant therein had committed no offense at all. Where a ruling bars prosecution for the very offense with which the defendant is charged, retrospective application of that ruling is warranted. United States v. Miller, 406 F.2d 1100, 1104 (4th Cir. 1969); United States v. Lucia, 416 F.2d 920, 926 (5th Cir. 1969).

Other considerations entering into a determination of whether a decision should be accorded retrospective application are the extent of the reliance by the administrative authorities upon the delinquency regulations and the effect on the administration of justice of a retroactive application of the new ruling. See Stovall v. Denno (1967) 388 U.S.

293 at 297, 87 S.Ct. 1967, 18 L.Ed.2d 1199. It may be acknowledged that the delinquency regulations have been in effect, substantially in their present form, since the enactment of the Selective Service Act of 1948, and are also similar to those promulgated in 1943 and applicable during the Second World War. However, the extent to which these regulations have been relied upon has not been demonstrated.

Nor does it appear that the interests of national defense will be substantially affected. Even if retrospective application of the decision would be afforded with respect to inductees who responded to a delinquency induction as well as to registrants who refused such induction and were criminally prosecuted for the same, the number of said inductees is proportionally small in relation to the number of persons presently in the armed services and no prospect of difficulty in replacing their ranks could be expected. Also, the retrospective application of the *Gutknecht* decision, *supra,* would forbode no broad disruption of the administration of justice as might the pronouncement of a new constitutional principle pertaining to an aspect of criminal procedure of widespread usage.

The decisions in *Gutknecht, supra,* and *Breen, supra,* have recently been accorded retrospective application in three federal district court cases, United States v. Kelly, 314 F.Supp. 500 (E.D. N.Y.1970), decided on May 27, 1970 at Action 70–C–567; Andre v. Resor, 313 F.Supp. 957 (N.D.Cal.1970), decided on May 22, 1970; and Bradley v. Laird, 315 F.Supp. 544 (D.C.Kan.1970), decided on April 6, 1970 at Civil No. L–964. Of these decisions, United States v. Kelly, *supra,* involved a fact situation identical to the one presently before the Court.

In *Kelly, supra,* defendant, a full time undergraduate student with a II–S classification, returned his Registration Certificate and Notice of Classification forms to his local board; his local board declared him delinquent pursuant to 32

C.F.R. § 1642 for failure to possess these forms; he was re-classified I–A and given priority induction; he refused induction and was indicted for failure to report for induction; he pleaded guilty and on June 20, 1968 was sentenced to a three year prison term. In May, 1970 the defendant moved to vacate the sentence and judgment pursuant to 28 U.S.C. § 2255. On May 27, 1970, the Federal District Court granted his motion to vacate the sentence and judgment of conviction, holding that on the basis of *Gutknecht* and *Breen* the action taken by the local board in reclassifying the defendant and accelerating his order of call for failure to possess these forms pursuant to the Selective Service Delinquency Regulations was clearly unauthorized.

The Court is in full agreement with these decisions according retrospective application to Gutknecht v. United States, supra. The Motion to Vacate Sentence will be granted. An appropriate Order is entered.