**Harvey Robert BROUGH, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 71–1161.**

United States Court of Appeals, Seventh Circuit.

Dec. 15, 1971.

---

Edward W. Harris, III, Indianapolis, Ind., for petitioner-appellant.

Stanley B. Miller, U. S. Atty., Richard L. Darst, Asst. U. S. Atty., Indianapolis, Ind., for respondent-appellee.

Before DUFFY, HASTINGS and KNOCH, Senior Circuit Judges.

HASTINGS, Senior Circuit Judge.

The district court granted respondent's motion to dismiss petitioner's motion to vacate judgment and set aside sentence pursuant to 28 U.S.C.A. § 2255.[1] Petitioner appealed. We reverse.

Petitioner Harvey Robert Brough was adjudged guilty on May 22, 1968, of violating 50 U.S.C.A. App. § 462[2] by failing to register for the draft as required in 50 U.S.C.A. App. § 453.[3] The record reveals petitioner was born March 5, 1944, and failed to register within five days of his eighteenth birthday as re-

---

1. 28 U.S.C.A. § 2255 provides:
    "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
    "A motion for such relief may be made at any time.
      \*   \*   \*   \*   \*   \*   \*
    "An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus."

2. This section provides in relevant part:
    "§ 462.
    (a) Any member of the Selective Service System or any other person charged as herein provided with the duty of carrying out any of the provisions of this title [sections 451, 453, 454, 455, 456 and 458–471 of this Appendix], or the rules or regulations made or directions given thereunder, who shall knowingly fail or neglect to perform such duty, \* \* \* or who otherwise evades or refuses registra-

tion or service in the armed forces or any of the requirements of this title [said sections], \* \* \* or of said rules, regulations, or directions, or who in any manner shall knowingly fail or neglect or refuse to perform any duty required of him under or in the execution of this title [said sections] \* \* \* shall, upon conviction in any district court of the United States of competent jurisdiction, be punished by imprisonment for not more than five years or a fine of not more than $10,000, or by both such fine and imprisonment, or if subject to military or naval law may be tried by court martial, and, on conviction, shall suffer such punishment as a court martial may direct."

3. "§ 453.
    Except as otherwise provided in this title [sections 451, 453, 454, 455, 456 and 458–471 of this Appendix], it shall be the duty of every male citizen of the United States, and every other male person now or hereafter in the United States, who, on the day or days fixed for the first or any subsequent registration, is between the ages of eighteen and twenty-six, to present himself for and submit to registration at such time or times and place or places, and in such manner, as shall be determined by proclamation of the President and by rules and regulations prescribed hereunder."

quired by law.[4] He was indicted on August 18, 1967, approximately five years and five months after his eighteenth birthday. An appeal to this court was dismissed on petitioner's motion and final judgment was entered on July 11, 1968.

In Toussie v. United States, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970), the Supreme Court held that the applicable statute of limitations contained in 18 U.S.C.A. § 3282[5] prohibits the indictment of a person for failure to register for the draft unless the indictment was brought within five years and five days of that person's eighteenth birthday. The Court held that failure to comply with § 453, *supra* n. 3, is not a continuing offense and the five year statute of limitations begins to run when the offender fails to register as required by law. *Toussie* thus invalidated Selective Service Regulation 32 C.F.R. § 1611.7(c) which provided that failure to register for the draft was a "continuing offense", against which the statute of limitations did not begin to run until a person's twenty-sixth birthday.

The district court stated in its memorandum decision in this case:

"It is clear that if *Toussie* had been the law at the time petitioner was tried he would have had a sound statute of limitations defense. Petitioner's motion rests squarely on the premise that *Toussie* should be applied now to his case. Thus, the sole issue presented is whether this 1970 decision should be applied retroactively to upset petitioner's 1968 conviction."

The Government, relying on Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971), contends that where there is no serious question raised about the accuracy of the guilty verdict in a past trial, prospective application of a new Supreme Court rule is appropriate.

Not until 1965, in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed. 2d 601 (1965), did the Supreme Court hold that one of its *constitutionally* based decisions should not be given full retroactive effect. At no time has it denied retroactive application to a *statutory* interpretation which would invalidate a prior conviction. The Government has cited no case, and we find none, where a *statutory* interpretation by the Supreme Court was denied retroactive application in a criminal conviction.

To apply *Toussie* prospectively only would indicate that a federal statute duly enacted by Congress could mean one thing prior to the Supreme Court's interpretation and something entirely different afterwards. Here the relationship of § 3282 to §§ 462 and 453 had never been considered by the Supreme Court prior to *Toussie*. Nevertheless, a statute, under our system of separate powers of government, can have only one meaning. An interpretive rule, such as 32 C.F.R. § 1611.7(c), concerning that statute is either consistent with the statute or inconsistent. If inconsistent, as the Supreme Court found in *Toussie*, then the prior interpretation is, and always was, invalid. It necessarily follows that *Toussie* should have retroactive application in the case at bar.

Petitioner failed to register as required between March 5 and 10, 1962, and was indicted August 18, 1967, while in *Toussie* the defendant failed to register between June 23 and 28, 1959, and was indicted May 3, 1967. In spite of the fact that the *Toussie* offense occurred three years prior to petitioner's and his indictment was three months prior thereto, the Government urges us to apply the *same statute* involved in *Toussie* and uphold petitioner's convic-

4. Petitioner's eighteenth birthday was on March 5, 1962. Thus, he was *required to* register by March 10, 1962.

5. "§ 3282.

   Except as otherwise *expressly* provided by law, no person shall be prose-

cuted, tried, or punished for any offense, *not capital,* unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." (Emphasis added.)

tion. We find no authority for such a result.

A case completely in point with the one before us, Scudder v. United States, 6 Cir., No. 20,585 (Feb. 11, 1971), in an unreported per curiam order, the court affirmed the district court and held that *Toussie* was to be applied retroactively.

Our decision is consistent with other cases which have applied retroactively Supreme Court decisions [6] overturning or construing certain Selective Service regulations and procedures. *E. g.*, United States v. Jones, 7 Cir., 447 F.2d 589 (1971); Wright v. Ingold, 7 Cir., 445 F.2d 109 (1971); United States v. Stolberg, 7 Cir., 346 F.2d 363 (1965); Foster v. United States, D.Conn., 320 F. Supp. 646 (1970); United States v. Rumon, W.D. Pa., 315 F.Supp. 1126 (1970); United States v. Kelly, E.D.N. Y., 314 F.Supp. 500 (1970); and Andre v. Resor, N.D.Cal., 313 F.Supp. 957 (1970), aff'd 9 Cir., 443 F.2d 921 (1971).

In sum, the doctrine of retroactivity has been developed in cases dealing with criminal proceedings where new *constitutional* procedural protections had been announced. *E. g.*, United States v. United States Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971); Mackey v. United States, 401 U.S. 667, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971); Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971); Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969); Arsenault v. Massachusetts, 393 U.S. 5, 89 S.Ct. 35, 21 L.Ed.2d 5 (1968); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); and Linkletter v. Walker, 381 U.S. 618, 85 S. Ct. 1731, 14 L.Ed.2d 601 (1965).

■ We conclude that the standards thus far developed for applying new constitutional protections prospectively only

have no application in the instant appeal to the *statutory* interpretation by the Supreme Court. Since we find *Toussie* applicable, the prosecution of petitioner for violation of § 462 was barred by the relevant statute of limitations, 18 U.S. C.A. § 3282.

■ We are advised that petitioner has been released from custody following the expiration of his sentence. However, his case is not moot and he should not be required to bear the consequences of his unlawful conviction "simply because the path has been so long that he has served his sentence." Carafas v. LaVallee, 391 U.S. 234, 237–240, 88 S.Ct. 1556, 1561, 20 L.Ed.2d 554 (1968).

The order denying petitioner's motion to vacate his judgment of conviction and to set aside his sentence pursuant to 28 U.S.C.A. § 2255 is reversed. This cause is remanded to the district court with directions to grant the relief prayed for.

Reversed and remanded with directions.

---

6. See Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971); Breen v. Selective Service Local Board, No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970); Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970) and United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965).