Arnold GATES, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

Felix MELIAN, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

Nos. 73–1565, 74–1102.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 10, 1975.

Decided April 8, 1975.

Frederic J. Artwick, Lance Haddix, Ronald Goldberg, Chicago, Ill., for appellants.

James R. Thompson, U. S. Atty., Gary L. Starkman and Ann C. Tighe, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before HASTINGS, Senior Circuit Judge, SWYGERT and CUMMINGS, Circuit Judges.

HASTINGS, Senior Circuit Judge.

These appeals from district court orders denying petitioners' motions pursuant to 28 U.S.C. § 2255, although arising from somewhat different facts and separately briefed, were consolidated for oral argument and decision because they raise the identical issue of whether 28 U.S.C. § 2255 requires that a guilty plea be set aside if the defendant was not informed that he would be ineligible for parole and was incorrectly informed at the time of sentencing that he would have the opportunity for parole.

Arnold Gates, on February 24, 1969, pleaded guilty to a three-count indictment charging narcotics violations under 21 U.S.C. §§ 174 and 176(a)[176a], and a four-count indictment charging violations of 21 U.S.C. § 174 and 26 U.S.C. § 4705(a). Prior to accepting the plea, the court advised Gates of the maximum and minimum sentences which he could receive and of the possible fine, but Gates was not told that the sentences would be imposed without eligibility for parole. In fact, at the subsequent sentencing the district court seemed to suggest that Gates would have an opportunity for parole. The court said:

> You can go down there, Mr. Arnold [Gates], and make up your mind you are going to pay your penalty and be a model prisoner and get out as quickly as you can and from here on—and you have some nice friends here—enjoy their companionship and just make sure that no one can get you to do something that is contrary to decency and certainly not in violation of the law. All right.

Gates was sentenced to seven years imprisonment on each of the seven counts of the two indictments, all to be served concurrently.

On March 5, 1973, Gates filed a motion in the district court pursuant to 28 U.S.C. § 2255 alleging that his sentence was invalid because he was not informed prior to his guilty plea that he would be ineligible for parole. His verified petition stated that he would not have pleaded guilty if he had known he would have no opportunity for parole. On April 4, 1973, the district court, without an evidentiary hearing, denied Gates' motion. The court gave no reasons for its decision, but stated only that "the Petitioner is entitled to no relief." Gates appeals from the denial of his § 2255 motion.

Felix Melian, on March 29, 1971, pleaded guilty to a two-count indictment charging narcotics violations under 21 U.S.C. § 174 and 26 U.S.C. § 4705(a). Prior to his plea the court advised Melian that he could receive a sentence of from five to twenty years, but Melian was not told that he would be ineligible for parole. Immediately following his plea, the district court imposed concurrent sentences of five years on each count and then went on to say:

> You know, if you go and if you should be put on parole by the parole board after a period of time, that you will serve a minimum, but you still must behave yourself, and if you get in any further trouble here—you must conduct yourself and behave, because if you don't you will again face the possibility of going to the penitentiary.

On December 27, 1972, Melian filed a motion pursuant to 28 U.S.C. § 2255. His verified petition stated that he was

not informed of his ineligibility for parole prior to his plea and that if he had known he was ineligible he would not have pleaded guilty. The district court granted Melian's motion for an evidentiary hearing and appointed counsel to represent him.

A hearing was held on October 25, 1973. Dillon Hoey, counsel for Melian at the time of his guilty plea, testified on behalf of the government. Hoey testified that although he couldn't recall his conversation with Melian prior to the plea, it had been his normal operating procedure to inform a client of the total consequences of a plea. The only other witness at the hearing was Melian. Melian testified that Hoey had told him that Hoey had had a meeting with the district judge and that the judge would give Melian no more than five years. Melian further testified that Hoey had told him that if he pleaded guilty he would be eligible for parole. Three exhibits were introduced into evidence at the hearing on behalf of Melian: a transcript of the guilty plea and sentencing, the Bureau of Prisons Sentence Computation Record indicating that Melian was ineligible for parole and a letter to Melian's attorney from an official at the penitentiary, dated September 11, 1973, stating that Melian was ineligible for parole.

On October 31, 1973, the district court issued the following order:

> The writ of habeas corpus is hereby discharged. The failure of this Court to advise the petitioner that he was ineligible for parole was harmless error because effective May 1, 1971, Title 26 U.S.C. Sec. 7237(d) was repealed and the petitioner having completed the required statutory period was eligible to be considered for parole by the Parole Board.

The court thereafter cited the decisions of our court in United States v. McGarr, 7 Cir., 461 F.2d 1 (1972); and Arias v.

United States, 7 Cir., 484 F.2d 577 (1973). Melian appeals from the "discharge" of his § 2255 motion.[1]

## STANDARD OF REVIEW

Petitioners in their briefs argue that they are entitled to have their guilty pleas automatically vacated because they were accepted in violation of Rule 11 of the Federal Rules of Criminal Procedure. Rule 11 requires that before the court accept a plea of guilty it must address the defendant personally and determine "that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." Our court has held that ineligibility for parole is a consequence of a plea of guilty about which a defendant must be informed in order to satisfy Rule 11. United States v. Smith, 7 Cir., 440 F.2d 521, 526 (1971). The United States Supreme Court held on a direct appeal that "a defendant is entitled to plead anew if a United States district court accepts his guilty plea without fully adhering to the procedure provided for in Rule 11." McCarthy v. United States, 394 U.S. 459, 463–464, 89 S.Ct. 1166, 1169, 22 L.Ed.2d 418 (1969).

Since the instant appeals are brought from denials of § 2255 motions and are not direct appeals, petitioners may not rely on McCarthy to have their guilty pleas vacated. Under § 2255 the scope of the court's review is more narrow. As the Supreme Court recently explained, " 'collateral relief is not available when all that is shown is a failure to comply with the formal requirements' of a rule of criminal procedure in the absence of any indication that the defendant was prejudiced by the asserted technical error." Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974). Relief is available under § 2255 only if the petitioner dem-

---

1. Although Melian has now been released from custody, this court retains jurisdiction to grant relief, if appropriate. The petition under § 2255 survives his release because it was filed in the district court while he was in custody. Courtney v. United States, 9 Cir., 486 F.2d 1108, 1109 n. 1 (1973); Brough v. United States, 7 Cir., 454 F.2d 370, 373 (1971), both relying upon Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). Cf. Lebron-Rosario v. United States, 1 Cir., 493 F.2d 318, 320 n. 3 (1974).

onstrates that the error of the trial court is jurisdictional or constitutional, Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), or an error of law which is "a fundamental defect which inherently results in a complete miscarriage of justice" and which presents "exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent." *Davis, supra,* 417 U.S. at 346, 94 S.Ct. at 2305.

Thus, to determine whether petitioners here are entitled to relief we must consider, first, whether the court erred in failing to state that petitioners would be ineligible for parole, and second, if it was error, whether the error is jurisdictional, constitutional, or an error of law which results in a "complete miscarriage of justice."

### *PAROLE ELIGIBILITY*

It is elementary that the failure to state that petitioners were ineligible for parole is error only if they were in fact ineligible, but answering the question of parole eligibility requires traversing a tortuous path of statutory changes and court decisions.

Gates pleaded guilty to narcotics violations under 21 U.S.C. §§ 174 and 176(a)[176a] and 26 U.S.C. § 4705(a). Melian pleaded guilty to narcotics violations under 21 U.S.C. § 174 and 26 U.S.C. § 4705(a). All of these statutes have since been repealed. Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L.No. 91–513, 84 Stat. 1236. These repealed statutes required that sentences for violations thereof be made pursuant to 26 U.S.C. § 7237(d) which stated that 18 U.S.C. § 4202, permitting parole after service of one-third of a sentence, would not apply. The Comprehensive Drug Abuse Prevention and Control Act of 1970, effective May 1, 1971, also repealed 26 U.S.C. § 7237(d).

The question thus arose whether those who committed offenses prior to the effective date of the repealing statute should continue to be ineligible for parole.

Our court joined several other courts of appeals [2] in holding that the repeal of 26 U.S.C. § 7237(d) made parole available for prosecutions for offenses committed prior to May 1, 1971. United States v. McGarr, 7 Cir., 461 F.2d 1 (1972).

However, the United States Supreme Court ultimately held that narcotics offenders sentenced under the parole ineligibility provisions of 26 U.S.C. § 7237(d) remained ineligible for parole despite repeal of that statute. Warden v. Marrero, 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974).[3]

The Supreme Court's opinion was not the last word on the question. On October 26, 1974, a statute was approved which provided that the parole provisions of 18 U.S.C. § 4202, *supra*, would apply to any individual convicted under the repealed narcotics statutes regardless of the terms of the sentence which had been imposed. Controlled Substances Act amendment, Pub.L.No. 93–481, 88 Stat. 1455. Congressman Nelsen, author of this section of the amendment, made the following remarks to the House of Representatives indicating the intent of the section:

> . . . [W]hen we passed this control substances bill, the most recent measure in the field, we forgot to take a look at the penalty provisions that had been in the previous law. So we found we had certain persons in the penitentiaries or in prisons under the old law and were held there under mandatory sentence. When we amended it, some of them became eligible for parole, but those convicted under prior law were not made so eligible—the provisions of this bill cor-

**2.** See cases cited at footnote 7 of Warden v. Marrero, 417 U.S. 653, 656, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974).

**3.** Relying upon *McGarr*, our court had held that it was not error to fail to advise a defend-

ant of parole ineligibility since the repeal of 26 U.S.C. § 7237(d) had made him eligible. Arias v. United States, 7 Cir., 484 F.2d 577 (1973). *Marrero* removed the factual premise on which that holding was based.

rect that situation. 120 Cong.Rec. H7634–H7635 (daily ed. Aug. 5, 1974).

The comments of Congressman Rogers indicate a similar purpose. Although they include an explicit reference to the Supreme Court decision, they make it clear that the intent of the Congress was not to overrule a decision of the Court, but rather to correct an anomalous situation revealed by *Marrero*, resulting from the prior statutory amendment. After referring to the parole prohibition repealed by the 1970 Act, Congressman Rogers continued: "[T]he Supreme Court has ruled that the prohibition did not render offenders sentenced prior to the effective date of the 1970 act eligible for parole consideration under the general parole statute. The second amendment simply makes the general parole statute available to persons sentenced under applicable provisions of law repealed by the 1970 act." 120 Cong.Rec. H7635 (daily ed. Aug. 5, 1974). The government contends that the Controlled Substances Act amendment, in effect, overturned *Marrero*. Congress, however, did not purport to overrule *Marrero* and, of course, under our system of separation of powers it would have no authority to do so. "It is, emphatically, the province and duty of the judicial department to say what the law is. Those who apply the rule to particular cases, must of necessity expound and interpret that rule." Marbury v. Madison, 5 U.S. (1 Cranch) 137, 176, 2 L.Ed. 60 (1803). Decisions of the Supreme Court are final.[4] On the other hand, Congress can and often does enact new legislation changing the result reached by the Supreme Court.

■ The decision of the Court in *Marrero* interpreting the 1970 Comprehensive Drug Abuse Prevention and Control Act was a declaration of what the law had meant from the date of its effectiveness onward. United States v. Estate of Donnelly, 397 U.S. 286, 294–295, 90 S.Ct. 1033, 25 L.Ed.2d 312 (1970). A statute does not mean one thing prior to the Supreme Court's interpretation and something entirely different afterwards. Brough v. United States, 7 Cir., 454 F.2d 370, 372 (1971). Thus, individuals sentenced for narcotics violations prior to May 1, 1971, under statutes making them ineligible for parole were wholly unaffected by the 1970 Act.[5] They were ineligible for parole and remained ineligible until the Controlled Substance Act amendment was approved on October 26, 1974. The change in the law was of no assistance to Melian who was released from prison earlier that year without ever having been considered eligible for parole, and of little assistance to Gates who completed serving one-third of his sentence on August 1, 1971, and has not, as far as the record shows, yet been considered for parole.

■ Thus, petitioners were both ineligible for parole and it was error not to inform them of their ineligibility prior to accepting their guilty pleas. If we were considering here direct appeals from judgments of conviction, under United States v. McCarthy, *supra*, we would automatically vacate the pleas of guilty taken without compliance with Rule 11. But, since we are reviewing the denial of motions for relief under 28 U.S.C. § 2255, we must determine whether the error is of sufficient gravity to permit collateral relief.

## AVAILABILITY OF COLLATERAL RELIEF

The question of the scope of review under 28 U.S.C. § 2255 has long been one with uncertain answers. Although the Supreme Court's recent opinion in Davis v. United States, *supra*, removes some of

4. "We are not final because we are infallible, but we are infallible only because we are final." Brown v. Allen, 344 U.S. 443, 540, 73 S.Ct. 397, 427, 97 L.Ed. 469 (1953) (Jackson, J., concurring).

5. In a motion for a remand filed with this court following *Marrero*, but prior to the 1974 Controlled Substance Act amendment, the government conceded that petitioners were ineligible for parole. The motion was denied and the case set for oral argument. Following the statutory amendment, however, the government asked that its statements in support of the earlier motion be disregarded in light of its contention that the amendment overturned *Marrero*.

this uncertainty by a clearer statement of the standard of review, the contours of that standard are yet to be clarified through a process of application.[6] Following *Davis,* only claims of a jurisdictional or constitutional error or a violation of law which constitutes "a fundamental defect which inherently results in a complete miscarriage of justice" are cognizable in a § 2255 proceeding. Prior to the decision in *Davis* a majority of the courts of appeals, including our own, granted relief to § 2255 petitioners who demonstrated that their guilty pleas were made without being informed that they would be ineligible for parole.[7] *Davis* requires a reconsideration of these holdings.

There is no claim here of jurisdictional error. The question is whether, under the circumstances here, failure to inform of parole ineligibility was an unconstitutional violation of due process or otherwise resulted in a miscarriage of justice.

■■■ A violation of Rule 11 does not necessarily raise any question of constitutional significance. McCarthy v. United States, *supra;* Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). Nevertheless, Rule 11 is designed to assure that constitutional rights are not violated when a guilty plea is accepted.

A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be "an intentional relinquishment or abandonment of a known right or privilege." Johnson v.

Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. McCarthy v. United States, *supra,* 394 U.S. at 466, 89 S.Ct. at 1171 (footnotes omitted).

A guilty plea does not satisfy the constitutional requirements of being voluntary and knowing if it is made without a full understanding of the consequences of the plea. Boykin v. Alabama, 395 U.S. 238, 243–244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). Our court, and the other courts of appeals[8] which have held that failure to inform of parole ineligibility is a violation of the Rule 11 requirement that the plea be made with knowledge of its consequences, did not reach the question of whether such failure rendered the acceptance of the plea unconstitutional.[9]

Judge Stevens, dissenting in our court's decision in United States v. Smith, *supra,* rejected the conclusion that omission of judicial advice about parole ineligibility renders a guilty plea involuntary and thus unconstitutional. He did, however, recognize that such an omission may, in particular circumstances, render the proceedings so unfair as to require vacation of the plea. He gave as an example of such unfairness the case of Spradley v. United States, 5 Cir., 421 F.2d 1043 (1970), in which the court, at the time of sentencing, incorrectly advised the accused that he would be eligible for parole. United States v.

---

**6.** That process has just begun. *See* Houser v. United States, 8 Cir., 508 F.2d 509 (1974); Krilich v. United States, 7 Cir., 502 F.2d 680 (1974); United States ex rel. Soto v. United States, 3 Cir., 504 F.2d 1339 (1974).

**7.** United States v. Rex, 6 Cir., 465 F.2d 875 (1972), relying upon Harris v. United States, 6 Cir., 426 F.2d 99 (1970); United States v. Smith, 7 Cir., 440 F.2d 521 (1971); Bye v. United States, 2 Cir., 435 F.2d 177 (1970); Jenkins v. United States,, 10 Cir., 420 F.2d 433

(1970); Berry v. United States, 3 Cir., 412 F.2d 189 (1969); Durant v. United States, 1 Cir., 410 F.2d 689 (1969); Munich v. United States, 9 Cir., 337 F.2d 356 (1964).

**8.** See cases cited in note 7 *supra.*

**9.** Nevertheless, the language used by the courts in *Jenkins, Berry* and *Munich, supra* note 7, might be read to suggest that the holdings were, in part, constitutionally grounded.

Smith, *supra*, 440 F.2d at 530–531. The comments of the district judges at the sentencings of Gates and Melian were precisely like those in *Spradley*.

Nevertheless, it is not necessary to reach the question of whether the acceptance of the guilty pleas in the instant cases was unconstitutional since we find here that petitioners are entitled to relief on the nonconstitutional ground that the convictions contain a "fundamental defect which inherently results in a complete miscarriage of justice."

The Supreme Court has indicated that " 'collateral relief is not available when all that is shown is a failure to comply with the formal requirements' of a rule of criminal procedure in the absence of any indication that the defendant was prejudiced by the asserted technical error." Davis v. United States, *supra*, 417 U.S. at 346, 94 S.Ct. at 2305. The government contends that the noncompliance with Rule 11 here was harmless error.

It may be contended that a defendant is not harmed by lack of knowledge of ineligibility for parole if the sentence actually imposed is less than the maximum penalty which the judge told him he could receive. But, this approach was clearly rejected in United States v. Smith, *supra*, 440 F.2d at 526–527, where we said:

> Hindsight reasoning comparing the actual sentence received with what it might have been does not overcome the risk that an accused will underestimate by a factor of three his period of mandatory incarceration when he makes such determination. [Citing cases.]

The government asks us to adopt here the holding of the district court in Melian's case that the error was harmless, in light of our court's earlier decisions in United States v. McGarr, *supra*, and Arias v. United States, *supra*. Both *Arias* and *McGarr*, however, were based on the assumption that the repeal of 26 U.S.C. § 7237(d) made prisoners such as the petitioners eligible for parole. Since the

Supreme Court held to the contrary, we cannot rely on *McGarr* or *Arias* here.

Nor, did the approval on October 26, 1974, of the Controlled Substance Act amendment making those sentenced under the old statutes eligible for parole after service of one-third of their sentences make the error harmless. By that time, Melian had been released and Gates had served more than three years beyond one-third of his sentence.

All defendants who plead guilty with inadequate information which causes them to underestimate their likely length of imprisonment by a factor of three suffer some harm. The harm was compounded for the petitioners here because the district courts at the time of sentencing inadvertently misinformed petitioners that they would be eligible for parole if they conducted themselves properly while incarcerated. Even the Fifth Circuit, which follows the minority position that ineligibility for parole is not a consequence of a plea under Rule 11, granted relief to a petitioner who had been told upon sentencing that he would be eligible for parole when he was, in fact, ineligible. Spradley v. United States, *supra*. The reasoning of the *Spradley* court was explained by our court in United States v. Smith, *supra*, 440 F.2d at 525 n. 10:

> Even though the guilty plea was entered prior to the making of the incorrect statement by the trial judge, the court said that Rule 11 may apply since the court accepted the plea at the sentencing proceeding. The court held that if Rule 11 did not apply to such proceeding, the defendant was prejudiced because the trial court's statement would have had the effect of removing defendant's motivation to withdraw his plea of guilty, pursuant to Rule 32(d), at a time when such withdrawal would have been freely allowed.

We hold that a § 2255 petitioner is entitled to relief where a court not only fails to inform him prior to his plea of his ineligibility for parole, but also incorrectly informs him at the time of sen-

tencing that he will be eligible. These compound errors present "exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent." Davis v. United States, *supra*, 417 U.S. at 346, 94 S.Ct. at 2305.

## REMEDY

Having found that petitioners are entitled to relief, we reach the final step of determining the appropriate remedy. Attorney for the petitioners suggested at oral argument that the proper relief would be to follow the Supreme Court's decision in McCarthy v. United States, *supra*, and automatically vacate the plea of Melian because it was accepted after the *McCarthy* decision, but to order a hearing for Gates to determine the voluntariness of the plea according to the decision in Halliday v. United States, *supra*, declining to hold *McCarthy* retroactive. In view of our holding here that *McCarthy* is not controlling in a review pursuant to 28 U.S.C. § 2255, it would be inappropriate to adopt petitioners' suggested disposition.

The government, when it considered the Supreme Court's decision in Warden v. Marrero, *supra*, controlling,[10] asked our court to remand both of the instant cases for a hearing to determine if each petitioner (1) was advised of parole ineligibility by his own counsel or (2) would have pleaded guilty, under all of the circumstances, if he had known of parole ineligibility. We also decline to follow this suggestion.

■ In light of the particular circumstances here we feel nothing would be served by remanding the cases for further hearings. We have considered the transcripts of the petitioners' guilty pleas and sentencing and the transcript of the hearing granted Melian in response to his § 2255 petition, all of which were outlined in our preliminary statement of the facts. In verified petitions both Gates and Melian stated that they would not have pleaded guilty if they had known they would be ineligible for parole. The petitioners were told by the district judges that they would be eligible for parole and those statements were uncontradicted by the government or the attorneys for the defendants. Under these circumstances it is so unlikely that defendants themselves thought that they would be ineligible for parole that a remand for a hearing on this question would only needlessly further prolong this already extended litigation. The guilty pleas should be vacated, the judgments of conviction reversed, and the petitioners given an opportunity to plead anew.

The judgments are reversed and the cases remanded for further proceedings consistent with this opinion.

Reversed and remanded.