517 P.2d 505

**STATE of Arizona, Appellee,**

v.

**Eusebio MAGALLANES, Appellant.**

No. 2643.

Supreme Court of Arizona,
In Division.

Dec. 28, 1973.

Gary K. Nelson, Atty. Gen. by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa Co. Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HAYS, Chief Justice.

Defendant Eusebio Magallanes pleaded guilty on December 10, 1971, to the crime of possessing heroin for sale. Sentence was suspended and he was placed on probation for four years. On September 15, 1972, a bench warrant was issued for violation of the conditions of his probation and he was arrested. His hearing was first set for September 25, but his lawyer withdrew, the public defender was appointed, and the hearing was postponed to October 5, 1972.

At that hearing, on evidence which we deem sufficient, he was found guilty of violating the terms of his probation, and the judge sentenced him to imprisonment for a term of 25 years to life. He appeals, raising two issues:

I. Was he denied due process of law because of the failure of the State to give him written notice of the charges and hold a preliminary hearing on them, before the hearing on whether to revoke his probation?

II. Was the sentence unauthorized and void?

I.

Defendant relies upon Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). It holds that before a parole may be revoked, due process of law must be afforded to the parolee. This, said the United States Supreme Court, involves a two-stage procedure. The first stage occurs when the parolee is arrested,

at which time "some minimal inquiry" must be conducted near the time and place where the arrest takes place. "Such an inquiry should be seen as in the nature of a 'preliminary hearing' to determine whether there is probable cause" to believe that the accused has violated his parole conditions. The inquiry should not be made by someone directly involved in the case, such as the man's parole officer.

The parolee must be given notice of the time, place and purpose of the hearing, and strict rules of evidence are to be avoided. The notice, said the Court, should state what parole violations have been alleged, and the witnesses against the accused should be made available for cross-examination, except when risk of harm to the witnesses exists. Based on the information adduced, the hearing officer should determine whether there is probable cause to hold the parolee for the final decision of the judicial body which will determine whether the parole is to be revoked.

The Court stated that "[t]here must also be an opportunity for a hearing, *if it is desired by the parolee* . . . [which] must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation. . . . A lapse of two months . . . [between the two hearings] would not appear to be unreasonable." (Emphasis added).

*Morrissey, supra,* is not retroactive; this is specifically indicated in the opinion. However, since *Morrissey, supra,* was decided before the arrest of the accused in the instant case, its retroactivity is not material.

As stated, *Morrissey, supra,* involved a man who had been sentenced, and was out on *parole.* Not until the decision in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), did it become the law that an accused on *probation,* who had not yet been sentenced, would also require two separate hearings to revoke his probation. In *Gagnon,* the Court's words were:

"[W]e hold that a probationer, like a parolee, is entitled to a preliminary and final revocation hearing . . .".

We agree with the Court of Appeals that *Gagnon, supra,* should also be deemed not to be retroactive. *See* State v. Settle, 20 Ariz.App. 283, 512 P.2d 46 (1973).

■ Probationer was accused of having violated his probation conditions. The trial court went right into the final hearing, omitting the preliminary hearing. It proceeded to hear two State's witnesses. Defendant confronted them and was represented by competent counsel who cross-examined them and made his objections to some questions asked by the prosecutor. When the State rested, defense counsel said: "I have nothing further." Defendant presented no evidence and did not take the stand. Defendant waived time for sentencing, and sentence was then pronounced. A complete reporter's transcript was transcribed. At no time did defendant's counsel raise the question of not having had any notice of the charges, not having had time to gather evidence to meet them or of not having had two hearings. He is in exactly the same position as an attorney who, under Rule 17 of the Rules of Criminal Procedure, 17 A.R.S., then in force, waives a preliminary hearing. He is now, on this appeal, arguing that the trial court did not grant him the preliminary hearing mandated by *Morrissey* and *Gagnon, supra.* We have held, too often to require citations, that the failure to make an objection in the trial court, thus depriving that court of the opportunity of correcting any alleged error, deprives the appellant of the right to raise the objection later on appeal.

■ The same reasoning applies to defendant's argument that the acts constituting a violation of his probation were never put in writing in the bench warrant for his arrest. If defendant had the slightest doubt of what those acts were, he could have asked for a bill of particulars, and failure to ask for one prior to proceeding, waived his right to object to the absence of specific charges.

## II.

As his second ground for appeal, defendant contends that the sentence was illegal. We agree. The conviction was for violating § 36–1002.01, A.R.S. (possession of a narcotic drug for sale). The penalty prescribed therein is not less than five nor more than fifteen years; hence, the sentence imposed on defendant—25 years to life—is void. Since we have decided that the finding of guilt was valid, the sentence is vacated and the case is remanded to the trial court for resentencing within the statutory limits.

CAMERON, V. C. J., and HOLOHAN, J., concur.