531 P.2d 579

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Harold D. WHITMAN, Defendant-Appellant.**

**No. 11621.**

Supreme Court of Idaho.

Feb. 3, 1975.

**490**

Dwight E. Baker of Furchner, Martsch & Baker, Blackfoot, for defendant-appellant.

W. Anthony Park, Atty. Gen., James P. Kaufman, Asst. Atty. Gen., Boise, for plaintiff-respondent.

McQUADE, Chief Justice.

This is an appeal from sentences imposed by the district court following pleas of guilty and entry of judgments of conviction against the appellant. On February 7, 1974, appellant was charged with two counts of armed robbery and a charge of rape. The crimes had been committed on November 11, 1973, near Blackfoot, Bingham County. Prior to the discovery of appellant's participation in the offenses, he had been in the custody of the State Board of Corrections pursuant to a 120-day withheld judgment arising out of a burglary committed subsequent to the commission of these crimes.

The district court accepted appellant's pleas of guilty to the rape and robbery charges on February 11, 1974, and thereafter ordered a pre-sentence investigation.

The trial court suggested and counsel agreed that the pre-sentence investigation report would be based upon a report made in January 1974, which was occasioned by appellant's burglary conviction. That prior report was updated by the probation department. The probation officer concluded the new report with the following evaluation:

"I agree that Whitman is likely seriously emotionally unstable but it also appears that attempts have been made to treat him over the past several years with only short periods of segregation from the community while at State Hospital South. This has not detoured [sic] his continued serious criminal involvement.

It is my very strong feeling that Harold Whitman is not a candidate for probation at this time. It is further my feeling that drastic changes will have to take place in this man before he can be reintegrated into the community."

Copies of the new pre-sentence report were made available to counsel prior to sentencing. During the sentencing proceedings on April 2, 1974, the appellant made a statement in mitigation, as did his counsel. Appellant's counsel sought to clarify the factual circumstances surrounding the commission of the offenses, but he declined to " . . . change or question any of the objective conclusions that (were) drawn. . . ." in the pre-sentence report. Appellant was then sentenced to three concurrent terms of life imprisonment.

The appellant argues that in light of this Court's recent decision in State v. French,[1] the district court abused its discretion in sentencing him. He asks that the *French* holding be applied retroactively to guide the Court in a determination of this appeal. Appellant interprets *French* to require the

---

1. 95 Idaho 853, 522 P.2d 61 (1974). *French* was decided on May 16, 1974, subsequent to appellant's sentencing on April 2, 1974. Under the facts of *that* case this Court held the pre-sentence report of a defendant convicted of rape was deficient since it lacked a psychological evaluation and a schedule of re-

habilitation alternatives. Because of this deficiency, the trial court was deprived of pertinent information necessary for the proper exercise of discretion in imposing sentence. The order of commitment was reversed and the case was remanded for sentencing after receipt of a proper pre-sentence report.

trial court to have before it prior to sentencing: (1) a complete and current psychological report; and (2) a positive alternative plan for rehabilitation. Appellant argues his pre-sentence report was inadequate on both of the above grounds and that those materials were necessary for the proper exercise of the district court's sentencing discretion. Therefore, he maintains his sentence should be set aside.

 The procedures used in sentencing appellant should be judged in light of the case law then applicable. The prospective or retrospective application of a decision is a discretionary determination of judicial policy made by the Court after balancing certain criteria. The Court must weigh:

(1) The purpose of the new rule;

(2) Reliance on the prior decisions of this Court; and

(3) The effect of the new rule on the administration of justice.[2]

After balancing these considerations, we decline to apply *French* retroactively.

 While we hold that *French* is not applicable to this case, because of some confusion that may have arisen from our decision in *French,* we deem it an opportune time to explain what *French* does *not* stand for. After setting out in the majority opinion the "sketchy and unskilled" portion of French's pre-sentence report which dealt with his present mental health, the court commented:

"This offers absolutely no evaluation of or insight into the psychological makeup of the defendant *which is so vital in light of the presentence report's social and economic description of the defendant.* In this case the presentence report described the defendant as a family man

and a dependable worker without any prior criminal record who committed a forcible rape without any explanation. *This case begs for a psychological evaluation.* The omission of such an evaluation in this case deprived the district court of pertinent information essential to pronouncing an appropriate judgment." [3]

Under those facts, we held that case *begged* for a psychological evaluation. While such an evaluation might also be necessary under other extenuating circumstances, *French* does not hold that a psychological evaluation is required in every criminal case where the trial judge orders a pre-sentence report.

 The trial judge need not require a pre-sentence report in every criminal case. The ordering of such a report is within the discretion of the court. Where the defendant does not request the withholding or suspension of sentence and the disposition of probation, no pre-sentence investigation need be made.[4] When a defendant applies for probation, the trial judge must consider certain factors.[5] If the trial court does not require a pre-sentence report the record should affirmatively show why such an investigation was not ordered.

 If the trial court does order a pre-sentence investigation, a positive plan of rehabilitation must be formulated and included in the report. *French* requires no less. While we do not pass upon what must be included in a positive schedule of rehabilitation, such a plan should be formulated. In the instant case, the pre-sentence report was unfavorable to the appellant. The probation officer recommended against granting probation.

---

2. *See* Thompson v. Hagen, 96 Idaho 19, 523 P.2d 1365 (1974); Great Northern Ry. Co. v. Sunburst Oil and Refining Co., 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360 (1932). *Also see* Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

3. 95 Idaho at 853, 522 P.2d at 63. (Emphasis added).

4. State v. McCallum, 77 Idaho 489, 295 P.2d 259 (1956); I.C. § 20–220; I.C.R. 32.

5. *See* State v. Kauffman, 94 Idaho 20, 480 P.2d 614 (1971); State v. Moore, 93 Idaho 14, 454 P.2d 51 (1969).

After a review of the record, it appears that the trial court considered the necessary criteria in passing upon appellant's request for probation. Therefore, it properly exercised its discretion in sentencing appellant in light of the law *then appicable.*[6] We therefore decline to reverse the sentence of the trial court.

The order of commitment is affirmed.

DONALDSON and McFADDEN, JJ., concur.

SHEPARD and BAKES, JJ., concur in conclusion.

---

6. The case law then applicable to the conduct of the trial court in sentencing appellant was set out in State v. Cornwall, 95 Idaho 680, 518 P.2d 863 (1974). In *Cornwall* this Court held that on an application for probation, the trial court must consider:

"(1) all the facts and circumstances surrounding the offense of which the applicant is convicted; (2) whether the applicant is a first offender; (3) the previous actions and character of the applicant; (4) whether the applicant might reasonably be expected to be rehabilitated; (5) whether it reasonably appears that the applicant will abide by the terms of the probation, and; (6) the interests of society in being protected from possible future criminal conduct of the applicant."

See State v. Ogata, 95 Idaho 309, 508 P.2d 141 (1973); State v. Kauffman, *supra*, note 5; State v. Mitchell, 77 Idaho 115, 289 P.2d 315 (1955); A.B.A. Standards on Probation (1970), § 1.3.