**Darwin C. BAILEY, Petitioner-Appellant,**

v.

**Mason F. HOLLEY, Warden, United States Penitentiary, Terre Haute, Indiana, et al., Respondents-Appellees.**

**No. 74–1808.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 29, 1975.

Decided Feb. 19, 1976.

Ellen K. Thomas, Bloomington, Ind., for petitioner-appellant.

Robert L. Keuch, S. Cass Weiland, Attys., Dept. of Justice, Washington, D. C., James B. Young, U. S. Atty., Indianapolis, Ind., for respondents-appellees.

Before HASTINGS, Senior Circuit Judge, and SPRECHER and BAUER, Circuit Judges.

HASTINGS, Senior Circuit Judge.

This is an appeal from an order of the district court dismissing the habeas corpus petition brought by petitioner challenging the procedures adopted by the United States Board of Parole in the consideration and denial of his 1973 application for parole.

I.

Darwin C. Bailey was convicted of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and sentenced to twelve years imprisonment. The sentence was imposed under the provisions of 18 U.S.C. § 4208(a)(2) which enabled Bailey to become eligible for parole at any time without serving a mandatory minimum sentence.[1] After an unsuccess-

---

1. 18 U.S.C. § 4208 (1969) provides:

Fixing eligibility for parole at time of sentencing

(a) Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interests of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become

ful appeal,[2] Bailey began serving his sentence on July 16, 1973, at the United States Penitentiary in Terre Haute, Indiana.

After arriving at Terre Haute, Bailey submitted a written application for parole. A hearing was held on his application in October 1973. In December 1973, the Board of Parole notified him that his parole application was denied and that his case was continued until December 1975, when a new hearing would be held. Bailey thereafter wrote the Board of Parole requesting a statement of reasons for the denial of his parole application and for the two year set-off. In a March 13, 1974, letter from Parole Executive Steve D. Johnston, Bailey was informed that "the Board has not been supplying reasons and the Board members have not been recording the justification for their decision." His request for reasons was therefore denied.

Bailey filed his *pro se* petition for habeas corpus on June 17, 1974, in the United States District Court for the Southern District of Indiana. The petition essentially relied on two general contentions: (1) that the Board's failure to provide a statement of reasons for denial of petitioner's application for parole and for the two year set-off violated procedural due process and further violated the Administrative Procedure Act, 5 U.S.C. § 555(e) as construed by our court in *King v. United States*, 7 Cir., 492 F.2d 1337 (1974); [3] and (2) that the Board's procedures together with the automatic two year set-off failed to provide the "meaningful consideration" of his parole application that due process

and the ·mandate of his Section 4208(a)(2) sentence required.

The district court granted respondents' motion to dismiss the petition for failure to state a claim. The district judge concluded that due process did not require a statement of reasons for parole denial. He further concluded that our March 13, 1974, decision in *King* would not be retroactively applied to require a statement of reasons for a 1973 parole denial. Finally, he found no infirmity in the two year set-off since petitioner would be provided a second parole consideration well within the first one-third of his twelve year sentence.

Petitioner Bailey appeals from the order of the district court dismissing his habeas petition. We granted him leave to proceed *in forma pauperis* and appointed counsel to brief and argue his case before our court. This responsibility was discharged with commendable professional skill.

Prior to oral argument, respondents moved to remand with instructions to vacate the judgment as moot. They ·attached to their motion the affidavit of Maurice H. Sigler, Chairman, United States Board of Parole, which stated that current Board procedures now provide, under certain circumstances, for a written statement of reasons for parole denial and that Bailey's records disclose sufficient information that the Board can now supply him with a statement of the reasons for his 1973 parole denial. Mr. Sigler attached to his affidavit a copy of a form sent to Petitioner Bailey on May 29, 1975, which contained a statement of reasons for denial of

---

eligible for parole, which term may be less than, but shall not be more than one-third of the maximum sentence imposed by the court, or (2) the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine.

2. *United States v. Bailey*, 5 Cir., 468 F.2d 652 (1972), *aff'd on rehearing en banc*, 480 F.2d 518 (1973).

3. Section 555(e) of the Administrative Procedure Act provides:

Prompt notice shall be given of the denial in whole or in part of a written application, petition, or other request of an interested person made in connection with any agency proceeding. Except in affirming a prior denial or when the denial is self-explanatory, the notice shall be accompanied by a brief statement of the grounds for denial.

5 U.S.C. § 555(e) (1967).

parole.[4] On July 16, 1975, we entered an order denying respondents' motion to remand for mootness. On oral argument and in their supplemental brief, respondents continued to urge reconsideration of our order denying their motion. We have concluded, however, that the substance of petitioner's dispute with the Board of Parole as set forth in his habeas petition is not rendered moot by the subsequent action of the Board in supplying the statement of reasons which he was originally denied.[5]

We now reach the merits of petitioner's appeal. Petitioner bases his claim for relief on (1) the Administrative Procedure Act § 555(e) as construed by our court in *King v. United States, supra*; (2) the due process clause, which, since oral argument in this case, we have held to be applicable to parole release proceedings in *United States ex rel. Richerson v. Wolff*, 7 Cir., 525 F.2d 797 (1975); and (3) the requirements of his Section 4208(a)(2) sentence. In view of these claims, we first consider whether to apply our decisions in *King* and *Richerson* retroactively and finally consider whether the alleged deficiencies in petitioner's 1973 parole consideration violate the mandate of his (a)(2) sentence.

**4.** The Board provided the following statement of reasons:

> Your offense behavior has been rated as very high severity. You have a salient factor score of 10. You have been in custody a total of 7 months. Guidelines established by the Board for adult cases which consider the above factors indicate a range of 26–36 months to be served before release for cases with good institutional . . . adjustment. After careful consideration of all relevant factors and information presented, it is found that a decision outside the guidelines at this consideration does not appear warranted. Your release at this time would depreciate the seriousness of the offense committed and is thus incompatible with the welfare of society.

**5.** Bailey's complaint does not merely request a statement of reasons, but requests, more broadly, a hearing providing that "meaningful consideration" which he contends was denied him in the 1973 proceedings. While the petition emphasizes the failure to provide reasons, it also alleges that material which he sought to submit in his own behalf was mislaid and not

## II

Petitioner principally relies on our decision in *King v. United States, supra*, where we held that Section 555(e) of the Administrative Procedure Act requires the United States Board of Parole to supply a statement of reasons for denial of a federal prisoner's written application for parole. However, because that decision was announced in March 1974, and the Board denied petitioner's parole in December 1973, the district court concluded that the requirements announced in *King* would not be retroactively applied. We agree.

The Supreme Court recognized in *Linkletter v. Walker*, 381 U.S. 618, 629, 85 S.Ct. 1731, 1738, 14 L.Ed.2d 601 (1964), that "we are neither required to apply, nor prohibited from applying, a decision retrospectively." Since *Linkletter*, the Court has declined to afford full retroactive effect to numerous decisions announcing significant constitutionally mandated procedural rules in criminal prosecutions.[6] In only two situations has the Court felt required to afford full retroactivity: (1) where the new rule remedies a significant defect in the fact-

included and that the Board did not in fact consider his application but merely summarily set off his application until a second hearing to be held two years later. It is not clear that the Board's action in providing a statement of reasons more than a year after denial of his parole application cures all the defects in the proceedings which his petition alleges. Moreover, the sufficiency of the reasons now provided would remain at issue even were we to conclude that the habeas petition raised no additional challenges and warranted no additional remedy. For these reasons, we conclude that the case is not moot.

**6.** *See e. g. Bowen v. United States*, 422 U.S. 916, 95 S.Ct. 2569, 45 L.Ed.2d 641 (1975); *Michigan v. Payne*, 412 U.S. 47, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973); *Williams v. United States*, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971); *Desist v. United States*, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969); *Johnson v. New Jersey*, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); *Tehan v. Shott*, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966).

finding process at trial,[7] and (2) where the conduct being penalized is conduct found under the new rule to be constitutionally immune from punishment.[8] In all other circumstances, the Court weighed competing considerations in deciding whether to limit a new standard's retroactive effect. The relevant criteria which must be considered according to the Court's decision in *Stovall v. Denno*, 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 (1967), are "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards."

While the standards for determining questions of retroactivity have been developed in the context of adjudication of constitutional questions, a decision based on statutory interpretation may be similarly limited. The Court in *Halliday v. United States*, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), declined to apply retroactively its decision in *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), which had held that a defendant is entitled to plead anew if the district court accepts his guilty plea without complying with the procedures in Rule 11, Federal Rules of Criminal Procedure, 18 U.S.C. The Court in *Halliday* stated:

> In *McCarthy* we took care to note that our holding was based solely upon the application of Rule 11 and not upon constitutional grounds. Nevertheless, it is appropriate to analyze the question of that decision's retroactivity in terms of the same criteria we have employed to determine whether constitutionally grounded decisions that

depart from precedent should be applied retroactively. 394 U.S. at 832, 89 S.Ct. at 1499.

Lower courts have denied retroactive application to the Supreme Court's decision in *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), which construed the Federal Youth Corrections Act, 18 U.S.C. § 5010(d) as requiring the district court to make an express finding of no benefit before sentencing youth offenders under adult statutes. *Owens v. United States*, M.D.Pa., 383 F.Supp. 780, 785–7 (1974), aff'd, 3 Cir., 515 F.2d 507 (1975); *Jackson v. United States*, 10 Cir., 510 F.2d 1335 (1975).

We have declined to apply retroactively our own prior decision holding that a Special Agent's Report was a "statement" within the meaning of the Jencks Act, 18 U.S.C. § 3500(e), and therefore producible at defendant's request in a criminal prosecution for tax evasion. *Krilich v. United States*, 7 Cir., 502 F.2d 680, 683 (1974), cert. denied, 420 U.S. 992, 95 S.Ct. 1429, 43 L.Ed.2d 673 (1975). In that case we followed the analysis developed in *Stovall v. Denno, supra,* and other decisions of constitutional law to determine whether our new construction of the statute should be retroactively applied.

In view of this authority, we reject petitioner's contention that the *Stovall* criteria for deciding questions of retroactivity are not applicable to decisions based on statutory construction. The decisions of the Supreme Court and of this court on which petitioner relies do not require a contrary conclusion.[9] Those cases simply stand for the basic principle that the Supreme Court has the final word on the meaning of federal

---

7. See e. g. *Ivan V. v. New York*, 407 U.S. 203, 92 S.Ct. 1951, 32 L.Ed.2d 659 (1972); *McConnell v. Rhay*, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968); *Pickelsimer v. Wainwright*, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41 (1963).

8. See e. g. *Robinson v. Neil*, 409 U.S. 505, 509, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973); *United States v. U. S. Coin & Currency*, 401 U.S. 715, 723–4, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971).

9. *United States v. Estate of Donnelly*, 397 U.S. 286, 90 S.Ct. 1033, 25 L.Ed.2d 312 (1970); *Strauss v. United States*, 7 Cir., 516 F.2d 980 (1975); *Gates v. United States*, 7 Cir., 515 F.2d 73 (1975); *Brough v. United States*, 7 Cir., 454 F.2d 370 (1971).

statutes. In each case a court rejected the argument that a party could rely on a prior inconsistent holding of one or more circuit courts of appeals in spite of a subsequent definitive Supreme Court construction of the statute.[10] While under most circumstances Supreme Court decisions construing a federal statute for the first time are applied retroactively, there is no firm rule requiring a court of appeals under all circumstances to afford its own decisions construing federal statutes full retroactive effect.

■ The decision whether to limit the applicability of a judicial ruling should be based on sound analysis of the role of that ruling in the administration of justice. *Johnson v. New Jersey*, 384 U.S. 719, 728, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). The recent development of standards for retroactive and prospective decision-making has enabled the Court to upgrade procedural safeguards surrounding criminal prosecutions without unduly disrupting the orderly conduct of law enforcement and criminal justice proceedings. *See e. g. Stovall v. Denno*, 388 U.S. at 297–300, 87 S.Ct. 1967. The Supreme Court decisions on retroactivity suggest that where a court announces a new rule regulating the conduct of law enforcement personnel or requiring procedural safeguards in judicial proceedings, such court may find it appropriate to limit that ruling's retroactive effect.[11] We conclude that this analysis is appropriate whether the new standard is grounded on constitutional or statutory requirements.

■ Under this analysis, we conclude that our decision in *King v. United States, supra*, should not be afforded retroactive effect. The Tenth Circuit has reached the same conclusion in *Mower v.*

*Britton*, 10 Cir., 504 F.2d 396, 399 (1974), stating: "In view of the large number of parole applications made annually to a Board of limited staff and the lack of any indication in the record of bad faith in the interpretation and administration of the applicable law and regulations, . . . our decision will not be applied retroactively." The court there relied on the Supreme Court decisions which denied retroactive application to rulings requiring prison and parole officials to observe minimum due process standards in connection with revocation of parole and prison disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 573, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Morrissey v. Brewer*, 408 U.S. 471, 490, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

In declining to afford *King* retroactive effect, we have considered the criteria identified by the Supreme Court in *Stovall v. Denno, supra*, namely: (1) the purpose of the new rule; (2) the extent of reliance on the old rule; and (3) the effect of retroactive application of the new rule.

Petitioner notes that we outlined in *King* a number of salutary purposes to be served by the requirement of written reasons for parole denial. While we believe our ruling in *King* will significantly enhance the fairness and credibility of the federal parole system, we cannot conclude that the requirement is so fundamental to the operation of the system that all proceedings conducted under prior standards must be overturned.

Petitioner further contends that the Board of Parole had no authority for its prior practice other than its own regulations. Although *King* did not overrule prior precedent, the rule there announced was, in effect, a "new" rule. *King*, in fact, appears to be the first case

10. In *Estate of Donnelly, supra*, the Court refused to limit the retroactive effect of its own decision construing a federal statute governing the filing of federal tax liens, although a single court of appeals had adopted a contrary construction. The construction adopted by the Court was the construction consistently adhered to by the Government and was clear from the statutory language and legislative

history. The Court concluded: "Deviant rulings by circuit courts of appeals, particularly in apparent dictum, cannot generally provide the 'justified reliance' necessary to warrant withholding retroactive application of a decision construing a statute as Congress intended it." 397 U.S. at 295, 90 S.Ct. at 1038.

11. See cases cited at n. 6, *supra*.

to even consider the application of Section 555(e) of the Administrative Procedure Act to parole proceedings,[12] although that provision has been in effect since 1946. The existence of a consistent Board policy against supplying reasons for parole denial which was followed for nearly thirty years without judicial disapproval may provide justification for the Board's continued reliance on its own regulations.

Finally, it is clear that the administrative burden on the Board of Parole would be substantial were we to require it to provide reasons upon request for any parole denial since passage of the Administrative Procedure Act. Respondents indicate that this could include some 10,915 parole denials in 1973 alone.[13] The issue here is analogous to that before the Supreme Court in *Wolff v. McDonnell*, where the Court concluded: "[I]n the context of disciplinary proceedings, where less is generally at stake for an individual than at a criminal trial, great weight should be given to the significant impact a retroactivity ruling would have on the administration of all prisons in the country, and the reliance prison officials placed, in good faith, on prior law not requiring such procedures." 418 U.S. at 574, 94 S.Ct. at 2983.

In view of the foregoing, we hold that our decision in *King* will be applied only to parole denials which occur after the date of that decision.

### III.

After oral argument in this case, we announced our decision in *United States ex rel. Richerson v. Wolff, supra,* where in effect we held minimal due process applicable to the conduct of parole release proceedings. We now decline to apply *Richerson* retroactively for the same reasons we have limited the retroactive effect of *King.* This result is

consistent with, if not required by, Supreme Court decisions limiting the retroactive effect of rulings expanding due process protections in the prison and parole context. *See Chapman v. Kleindienst,* 7 Cir., 507 F.2d 1246, 1252 (1974).

We are not unmindful that some inequity results from applying new due process standards to the petitioner in *Richerson* while denying the petitioner in this case the benefit of those standards. This approach, however, has been adopted by the Supreme Court at least since *Stovall v. Denno, supra.* There the Court observed: "Inequity arguably results from according the benefit of a new rule to the parties in the case in which it is announced but not to other litigants similarly situated in the trial or appellate process who have raised the same issue. But we regard the fact that the parties involved are chance beneficiaries as an insignificant cost for adherence to sound principles of decision-making." 388 U.S. at 301, 87 S.Ct. at 1972. *See also United States ex rel. Mayfield v. Pate,* 7 Cir., 451 F.2d 1381, 1383 (1971).

We conclude that the due process standards first recognized in our decision in *Richerson* will not be retroactively applied to invalidate 1973 parole proceedings which did not comply with those standards.

### IV.

Petitioner claims in his habeas petition that the Board's decision to set off his application until December 1975 violated the mandate of his Section 4208(a)(2) sentence. (N. 1, *supra.*) He relies on a district court decision, *Grasso v. Norton,* D.Conn., 371 F.Supp. 171 (1974), *aff'd* 2 Cir., 520 F.2d 27 (1975), which has since been approved by our decision in *Garafo-*

---

**12.** *But see Hyser v. Reed,* 115 U.S.App.D.C. 254, 318 F.2d 225 (en banc), *cert. denied,* 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315 (1963), which held other sections of the Administrative Procedure Act inapplicable to parole proceedings.

**13.** *Cf.* Annual Report of the United States Board of Parole, July, 1972—June, 1973, at 18, Table 6.

*la v. Benson,* 7 Cir., 505 F.2d 1212 (1974). The district court in the case at bar concluded that petitioner's two year set-off did not violate the provisions of his (a)(2) sentence. We agree.

 We held in *Garafola* that a prisoner sentenced under Section 4208(a)(2) is entitled to meaningful consideration for parole at some time before he has served the one-third portion of his sentence that a prisoner sentenced under the general provisions of 18 U.S.C. § 4202 would be required to serve. Even assuming that petitioner here was not afforded meaningful consideration in October 1973, his application was only continued until December 1975. At that time he was to be afforded a second parole hearing well within one-third of his twelve year sentence. In continuing petitioner's parole application to a date within one-third of his sentence, the Board has not violated the requirements of his (a)(2) sentence.

---

Based on our conclusion that the Board of Parole complied with the constitutional and statutory requirements recognized at the time it denied petitioner's 1973 application for parole, we affirm the judgment of the district court dismissing the habeas corpus petition.

Affirmed.