579 P.2d 1205

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Kerry Dale BLACKBURN, Defendant-Appellant.**

No. 12233.

Supreme Court of Idaho.

June 13, 1978.

Terrence P. Gough, Wallace, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Arthur J. Berry, Asst. Atty. Gen., Boise, for plaintiff-respondent.

DONALDSON, Justice.

The defendant-appellant, Kerry Dale Blackburn, was arrested in Wallace, Idaho, on November 30, 1975, for robbery. The following day the Shoshone County Public Defender was appointed to represent Blackburn. On February 9, 1976, Blackburn, on the advice of his court appointed counsel, entered a plea of guilty to the charges. Blackburn was thereafter sentenced to a maximum term of ten years in the state penitentiary.

Blackburn appealed, requesting this Court to set aside his guilty plea and to remand for trial. The only issue raised by Blackburn on appeal concerns competency of this trial counsel. Blackburn claims that because of incompetency on the part of his trial counsel, his guilty plea was involuntary and he was denied reasonable assistance of counsel.

Blackburn alleges that his trial counsel was incompetent in that his trial counsel: (1) conferred only infrequently with his client and did not work closely with him; (2) did only a minimal amount of work on his client's case; (3) did not conduct all necessary investigations for his client; (4) did not ascertain all defenses that were available to his client nor develop appropriate defenses; and (5) did not move to suppress evidence which had been illegally obtained.

All of Blackburn's allegations are based on matters outside the record.[1] The record before us on this appeal is devoid of any factual information to support Blackburn's claims. The proper forum for rais-

---

1. The record in this case is meager. The Clerk's Transcript only consists of the documents filed in a criminal action from the complaint to the sentencing documents. The Re-porter's Transcript contains only the proceeding at which Blackburn entered his plea and sentence was imposed.

ing these allegations is post conviction proceedings as provided by I.C. § 19–4901 *et seq.*

Judgment affirmed.

SHEPARD, C. J., and McFADDEN, BAKES and BISTLINE, JJ., concur.

BISTLINE, Justice, specially concurring.

Again, I suggest that defense counsel are entitled to a holding from this Court on the *res judicata* effect of raising incompetence of counsel. I again recommend the adoption of a procedure as mentioned in *State v. Kraft,* No. 12304, 99 Idaho ——, 579 P.2d 1197 (June 13, 1978).