595 P.2d 316
**STATE of Idaho, Plaintiff-Respondent,**

v.

**Jon MACHEN, Defendant-Appellant.**

No. 12737.

Supreme Court of Idaho.

May 23, 1979.

Randall D. Schulthies, Pocatello, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Arthur J. Berry, Asst. Atty. Gen., Eugene A. Ritti, Deputy Atty. Gen., Boise, for plaintiff-respondent.

DONALDSON, Justice.

The appellant, Jon Machen, appeals both the denial of his motion to correct his sentence which allegedly failed to give him credit for time previously served and the denial of his motion to dismiss the judgment of conviction.

Jon Machen, defendant-appellant, pleaded guilty to the crime of felony escape (I.C. § 18–2506) on November 4, 1976, and a presentence report was ordered. Machen was sentenced to an indeterminate term not to exceed five years; however, the district court retained jurisdiction for 120 days pursuant to I.C. § 19–2601. Machen was not represented at this time by his present counsel but rather by other court appointed counsel.

Machen was transferred to the North Idaho Correctional Institute (NICI) at Cottonwood for evaluation during the period of the court's retained jurisdiction.

Near the end of the 120 days, the faculty at NICI recommended to the sentencing judge that the court's jurisdiction be relinquished and that Machen serve the sentence previously imposed by the court. One of the primary reasons for the NICI's negative recommendation was information they received which indicated that Machen was planning to escape. Also the faculty, notwithstanding the alleged planned escape, felt Machen was a poor risk for probation.

The trial court, upon receiving a report from NICI containing the above information and recommendation, relinquished jurisdiction and on March 21, 1977, ordered that Machen serve the sentence which was previously imposed. Machen appeals from this sentence and present court appointed counsel represents him on appeal.

I

Machen contends he was denied procedural due process by the district court and

NICI's failure to allow him to rebut the charges and recommendation in the NICI report which led to the trial court relinquishing its retained jurisdiction and ordering that Machen serve the sentence previously imposed. Machen's position is supported by the recent case of *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978) wherein this Court held that:

> Before a report is sent back to the sentencing judge (pursuant to the retained jurisdiction of I.C. § 19–2601), certain procedures must be followed. The prisoner must be given adequate notice before the hearing, including notice of the substance of all matters that will be considered. The prisoner must be given an opportunity to explain or rebut any testimony or recommendations. In addition, the prisoner must be free to call witnesses in his behalf from among the employees and other prisoners at NICI. This information should be included in the report sent back to the sentencing judge.

99 Idaho at 389, 582 P.2d at 735.

Machen is correct in his assertion that *Wolfe* mandates that certain procedures be followed to ensure the report from NICI is complete and provides basic fairness to the prisoner. We conclude, however, that Machen can claim no protection under *Wolfe,* since that decision was announced subsequent to the trial court's relinquishment of its retained jurisdiction and its order that Machen serve the sentence imposed. We are persuaded that *Wolfe* applies only prospectively and not retrospectively.

■ Whether a decision is to be applied prospectively or retrospectively is a discretionary determination of judicial policy. *State v. Whitman,* 96 Idaho 489, 531 P.2d 579 (1975).

■ Both the United States Supreme Court and this Court have developed three criteria for determining whether a judicial decision affecting constitutional rights should be applied retrospectively or prospectively. *Halliday v. United States,* 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969); *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *State v. Whitman, supra.* The criteria that are considered in making such a determination can be best summarized as follows: (1) the purpose of the new rule; (2) the reliance on the prior decisions of this Court; and, (3) the effect of the new rule on the administration of justice.

The purpose of affording the defendant certain minimal procedural safeguards in the retained jurisdiction evaluation situation was clearly stated in *Wolfe*: "These minimal procedures will help ensure the report is as complete as possible and guarantee a basic fairness for both the prisoner and the sentencing judge." *State v. Wolfe,* 99 Idaho at 389, 582 P.2d at 735. It is clear that the *Wolfe* procedural safeguards are aimed at enhancing the reliability and quality of the fact-finding process of probation or parole determinations in a retained jurisdiction situation. The United States Supreme Court originally held that if the major purpose of the new constitutional safeguards is to overcome a defect that "*substantially impairs* the truth-finding function" (emphasis ours) the new rule should be given complete retrospective effect, notwithstanding good faith reliance on prior decision or a severe impact on the administration of justice. *Williams v. United States,* 401 U.S. 646, 653, 91 S.Ct. 1148, 1152, 28 L.Ed.2d 388 (1971). However, in a subsequent case the Supreme Court narrowed its holding, stating:

> [T]he fact that a new rule tends incidentally to improve or enhance reliability does not in itself mandate the rule's retroactive application . . . [R]etroactivity is not required by a determination that the old standard was not the most effective vehicle for ascertaining the truth, or that the truth-determining process has been aided somewhat by the new standard . . . .

*Gosa v. Mayden,* 413 U.S. 665, 680, 93 S.Ct. 2926, 2936, 37 L.Ed.2d 873 (1973). Since the purpose of the new procedures required by *Wolfe* is merely to enhance the reliability of the fact-finding process of the probation evaluation, this does not, in and of itself,

require retrospective application of the procedures.

The next criteria relates to the extent of reliance of the correctional authorities on the law existing at the time the NICI made its report and recommendation. At the time NICI made its report and recommendation concerning the trial court's retained jurisdiction over Machen this Court had not yet considered the right of a defendant to procedural due process in retained jurisdiction evaluations and recommendations. Idaho Code § 19–2601 does not, on its face, require the defendant be accorded procedural safeguards in the evaluation and recommendation process. Until *Wolfe* the policy of not allowing a defendant under the trial court's retained jurisdiction the opportunity to rebut the evaluation and recommendation of the correctional faculty was followed without judicial disapproval. This Court in *State v. Ditmars,* 98 Idaho 472, 567 P.2d 17 (1977), *cert. denied,* 434 U.S. 1088, 98 S.Ct. 1284, 55 L.Ed.2d 793 (1978), reinforced the position that procedural due process is not required when the trial court relinquishes its jurisdiction pursuant to I.C. § 19–2601. This Court held in *Ditmars* that,

> [A] hearing must be provided to prevent an "arbitrary deprivation of a probationer's liberty." When such concern is not present, however, a hearing need not be afforded the defendant. Such is the case here. The termination of the statutory 120 day period does in no sense constitute an arbitrary deprivation of liberty. . . .

98 Idaho at 474, 567 P.2d at 19. *Wolfe* distinguished *Ditmars* on the grounds that *Ditmars* merely held that when the sentencing judge issues an order relinquishing retained jurisdiction, a hearing is not required, nor is the defendant entitled to the assistance of counsel at that stage of the proceedings. *Wolfe* consistent with *Ditmars* held that the defendant would not be accorded the right to a hearing and counsel before the sentencing judge. However *Wolfe* did hold that a defendant must be afforded certain minimal due process at the stage when NICI prepares its report and recommendation. It is this requirement in *Wolfe* that in effect limited the holding of *Ditmars* that no procedural safeguards were required since there was not a sufficient liberty interest in the determination of probation after a period of retained jurisdiction.

Although *Wolfe* cannot be designated as an overruling decision, it did constitute a distinct change in the law. We conclude that NICI justifiably relied on the existing law in this state and cannot be held to a duty to have foreseen the change in the law brought on by the *Wolfe* decision. This reliance factor weighs against the retrospective application of *Wolfe.*

Finally, we are persuaded that a retrospective application of *Wolfe* would have a far-reaching and adverse effect on the administration of criminal justice. Numerous defendants have been placed on the retained jurisdiction program pursuant to I.C. § 19–2601. Prior to *Wolfe* the staff at NICI justifiably relied on the prior law which required no procedural safeguards be afforded defendants in the evaluation and recommendation process. Retrospective application of *Wolfe* would affect the validity of sentences where the trial court relinquished retained jurisdiction and ordered the sentence previously imposed be served on the basis of the unrebutted NICI report. Further, if cases were required to be readjudicated with the standards prescribed by *Wolfe,* the sentencing judges and the NICI faculty would be faced with a stale record on which to make a meaningful decision on probation.

■ In weighing our determination that the procedures mandated by *Wolfe* were ameliorative and not critical to the efficacy of the fact-finding process, that the correction official relied in good faith on prior law which did not require such procedures and that a retrospective application would have an adverse effect on the administration of justice, we hold that our decision in *Wolfe* will be applied only to retained jurisdiction evaluations and recommendations which occur after the date of that decision. This

result is consistent with United States Supreme Court and federal court decisions limiting the retrospective effect of decisions expanding due process in prison, probation and parole context. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Van Blaricom v. Forscht,* 511 F.2d 615 (5th Cir. 1975); *State v. Magellanes,* 110 Ariz. 235, 517 P.2d 505 (1973); *In re Prewitt,* 8 Cal.3d 470, 105 Cal.Rptr. 318, 503 P.2d 1326 (1972).

We are aware that some inequity results from applying new procedural due process standards to the appellant in *Wolfe* while denying them to the appellant in the instant case. The Supreme Court in *Stoval v. Denno, supra,* stated:

Inequity arguably results from according the benefit of a new rule to the parties in the case in which it is announced but not to other litigants similarly situated in the trial or appellate process who have raised the same issue. But we regard the fact that the parties involved are chance beneficiaries as an insignificant cost for adherence to sound principles of decision-making.

388 U.S. at 301, 87 S.Ct. at 1972. Further, the development of standards for retrospective and prospective decision making allows this Court to upgrade procedural safeguards surrounding criminal prosecutions and incarceration without unduly disrupting the orderly administration of law enforcement and criminal justice. *Bailey v. Holley,* 530 F.2d 169 (7th Cir. 1976).

### II

Machen next argues that because of alleged incompetence on the part of his trial counsel he was denied reasonable assistance of counsel as guaranteed by the sixth amendment of the United States Constitution and article 1, section 13 of the Idaho State Constitution. Machen contends that because of this alleged incompetence on the part of his trial counsel this Court should set aside his guilty plea and remand for a new trial.

Machen acknowledges that the record on appeal, which consists only of the documents on file and the proceeding where plea was accepted and sentence imposed, is devoid of any malfeasance or nonfeasance of court appointed counsel. Machen asserts the record does indicate a lack of preparation by defense counsel, as evidenced by defense counsel's waiver of preliminary hearing and his failure to formulate a possible defense to felony escape by showing lack of force or violence.

We are confronted with a situation where Machen's assertions of incompetence of his defense counsel deal with matters outside the meager record before us on appeal. This Court dealing with the identical issue in *State v. Blackburn,* 99 Idaho 222, 579 P.2d 1205 (1978), wherein the appellant claimed that because of incompetency on the part of his trial counsel, his guilty plea was involuntary and he was denied reasonable assistance of counsel, stated:

All of Blackburn's allegations are based on matters outside the record. The record before us on this appeal is devoid of any factual information to support Blackburn's claims. The proper forum for raising these allegations is post conviction proceedings as provided by I.C. § 19–4901 et seq.

Our holding in *Blackburn* is controlling.

### III

Machen finally contends that the trial court erred in not crediting him with time served towards sentence for the period he served while he was under the retained jurisdiction of the trial court. Machen is correct in his assertion that time served while under the trial court's retained jurisdiction pursuant to I.C. § 19–2601 should be credited towards sentence under the terms of I.C. § 18–309.

The record before us, however, does not indicate to us that Machen was denied credit for time served under the court's retained jurisdiction. Machen's interpretation of the trial court's remarks is strained

and would require that we presume error on the part of the sentencing judge. This Court should not presume error on the basis of an ambiguous remark made by the sentencing judge. Our reading of the colloquy reveals that the trial judge merely advised Machen that his time served in jail prior to sentencing would be credited towards his sentence but would not be credited towards the calculation of his time in the 120 day retained jurisdiction program. The State Board of Correction pursuant to its authority should credit Machen with time served towards his five year sentence for the period he was under the trial court's retained jurisdiction. The record does not indicate that this was not done. Machen's assignment of error in this regard is therefore without merit.

Judgment affirmed.

SHEPARD, C. J., and McFADDEN and BISTLINE, JJ., concur.

BAKES, Justice, specially concurring:

While I continue to disagree with the decision of the Court in *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978), I agree with the Court herein that the rule in *Wolfe* should only be applied prospectively.