859 P.2d 972

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Rob Lee MITCHELL, Defendant–
Appellant.**

No. 19867.

Court of Appeals of Idaho.

Sept. 17, 1993.

B.E. Behrmann, Boise, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., Boise, for plaintiff-respondent.

LANSING, Judge.

Rob Lee Mitchell appeals from his convictions and sentences for attempted murder in the first degree and for robbery. He contends that the convictions should be set aside because he was deprived of effective assistance of counsel and, alternatively,

that his sentences are excessive. We affirm the judgments of conviction and the sentences.

During the morning of May 16, 1991, a man entered the Lewiston Floral Shop. He told the proprietor, Anne Ringold, that he was interested in a present and Mother's Day card for his mother. He looked at cards and expressed interest in a terrarium containing a small house plant, but he left without buying either a card or the terrarium. That afternoon, the man returned, this time with a gun. He forced Ms. Ringold, at gunpoint, to give him the money in the cash register. He then ordered her into a back room where he stabbed her repeatedly. Before fleeing he also took the terrarium that he had admired earlier.

Several days later Mitchell was arrested for these crimes and charged with attempted murder in the first degree, I.C. §§ 18–4001, 18–4002, 18–4003 and 18–306, and robbery, I.C. § 18–6501. Mitchell pled not guilty, and a jury trial ensued.

At trial Ms. Ringold identified Mitchell as her assailant. The police recovered a terrarium that Mitchell had given to his mother as a Mother's Day present, and Ms. Ringold identified it as the item that had been stolen from her shop. A Mother's Day card that Mitchell had given to his mother with the terrarium was also shown to be the same brand and design as cards carried by the Lewiston Floral Shop. The state's evidence also included expert testimony that several fingerprints and handprints found at the crime scene, including a print in blood, matched Mitchell's prints. The jury found Mitchell guilty on both charges.

Mitchell was sentenced to a term of confinement of fifteen years for attempted murder and a unified sentence of thirty-five years, with fifteen years minimum confinement, for the robbery. The court ordered that the sentences be served consecutively.

On this appeal of the convictions and sentences, Mitchell continues to assert his innocence. He contends that his convictions should be vacated because he did not receive effective assistance of counsel from the public defender who was appointed to represent him in the proceedings before the district court. His assertions can be summarized as follows:

1. The budget of the Nez Perce County public defender is wholly inadequate, and, therefore, the public defender had insufficient resources to properly investigate and prepare a defense;

2. The alleged disparity between the budgets and investigative resources available to the Nez Perce County public defender and the Nez Perce County prosecutor resulted in ineffectiveness of counsel that constitutes denial of due process and equal protection of the laws;

3. His attorney was non-responsive to Mitchell's telephone calls and questions;

4. The consultations between Mitchell and his attorney were too infrequent and too brief for adequate preparation of Mitchell's defense;

5. His attorney did not adequately investigate Mitchell's alibi that he was picking up his son at school a few minutes after the stabbing occurred, and did not determine the travel time from the crime scene to the school, which allegedly would establish that Mitchell could not have been at the crime scene when the stabbing occurred;

6. His attorney failed to interview various witnesses or to investigate the source of the terrarium and greeting card;

7. His attorney failed to obtain an independent expert opinion on the fingerprints.

Mitchell contends that because of these failings, he did not receive competent representation to which he was entitled under the Sixth and Fourteenth Amendments to the U.S. Constitution and Article 1, § 13, of the Idaho Constitution.

Both our Supreme Court and this Court have often stated that it is generally inappropriate to raise a claim of ineffective

assistance of counsel on a direct appeal from the judgment of conviction. Rather, such claims are more appropriately presented through post-conviction relief proceedings where an evidentiary record can be developed. *E.g., Carter v. State,* 108 Idaho 788, 792, 702 P.2d 826, 830 (1985); *State v. Machen,* 100 Idaho 167, 171, 595 P.2d 316, 320 (1979); *State v. Blackburn,* 99 Idaho 222, 579 P.2d 1205 (1978); *State v. Marks,* 119 Idaho 64, 66, 803 P.2d 565, 567 (Ct.App.1991); *State v. Steele,* 118 Idaho 793, 795, 800 P.2d 680, 682 (Ct.App.1990); *State v. Munoz,* 118 Idaho 742, 745, 800 P.2d 138, 141 (Ct.App.1990); *State v. Koch,* 116 Idaho 571, 573, 777 P.2d 1244, 1246 (Ct.App.1989); *State v. Darbin,* 109 Idaho 516, 523, 708 P.2d 921, 928 (Ct.App.1985); *State v. Rendon,* 107 Idaho 425, 426, 690 P.2d 360, 361 (Ct.App.1984). Claims of ineffective assistance of counsel often raise issues on which no evidence is adduced at the defendant's trial. These typically include issues as to the adequacy of counsel's communications with the defendant, the sufficiency of counsel's investigation, and the wisdom of counsel's decision not to present certain testimony or physical evidence or not to retain particular experts. Because the competency of counsel is not an issue in the trial, the trial record on direct appeal is rarely adequate for review of such claims. As the Supreme Court stated in *Carter v. State:*

> "The question of competency of counsel is an extremely complex factual determination which, in all but the most unusual cases, requires an evidentiary hearing before determination. (Citation omitted in original.) The resolution of those factual issues for the first time upon appeal, based upon a trial record in which competence of counsel was not at issue, is at best conjectural."

108 Idaho at 791, 702 P.2d at 829, *quoting State v. Kraft,* 96 Idaho 901, 906, 539 P.2d 254, 259 (1975) (Bakes, J., specially concurring).

Because of our inability to resolve claims of ineffective assistance of counsel based upon the bare trial record, this Court has, on several occasions, declined to address such claims on direct appeal, suggesting that the defendant could pursue the claim on a subsequent application for post-conviction relief. *See State v. Marks,* 119 Idaho at 66, 803 P.2d at 567; *State v. Steele,* 118 Idaho at 795, 800 P.2d at 682; *State v. Munoz,* 118 Idaho at 745–746, 800 P.2d at 141; We follow that course again today. The record before us is devoid of any evidence directed to the factual issues raised by Mitchell's allegations of deficient legal representation.[1] Were we to accept Mitchell's invitation to reach the merits of this claim, the complete absence of any record supporting his contentions would require a decision adverse to Mitchell which would become *res judicata.* We elect, instead, not to rule on the merits. The issue is preserved without prejudice so that Mitchell may pursue the claim in an application for post-conviction relief should he choose to do so.

Mitchell also challenges his sentences. He contends that the sentences are excessive and that the district court abused its discretion by rendering a fifteen-year determinate sentence for attempted murder and a consecutive thirty-five-year sentence, with fifteen years determinate, for robbery.

In considering the reasonableness of a sentence, we focus on the probable length of confinement, which, for sentences rendered under the Unified Sentencing Act, I.C. § 19–2513, is the minimum period of incarceration imposed by the sentencing judge. *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). Because Mitchell's sentences run consecutively, the

---

1. Apparently recognizing that he had presented no record substantiating his allegations of counsel's deficiencies, Mitchell attempted to create a record on appeal by filing with this court his own affidavit which describes the alleged failings of his former counsel. It is axiomatic that an appellate court will not consider new evidence that was never before the trial court. We are limited to review of the record made below. *See, Carey v. Lafferty,* 59 Idaho 578, 583, 86 P.2d 168, 173 (1938); *Harmston v. Agro–West, Inc.,* 111 Idaho 814, 821, 727 P.2d 1242, 1248 (Ct.App. 1986).

combined minimum period in this case is thirty years.

▮ The primary responsibility for sentencing lies within the discretion of the trial judge. If the sentence is within the statutory maximum,[2] we will uphold it on appeal unless we conclude, based upon our independent review of the record, that the sentencing judge abused his or her discretion. *State v. Young*, 119 Idaho 430, 807 P.2d 648 (Ct.App.1991). It is the appellant's burden to demonstrate that the court abused its discretion. *State v. Kern*, 119 Idaho 295, 805 P.2d 501 (Ct.App.1991). We will grant relief only if we conclude that, under any reasonable view of the facts, the sentence was excessive. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1983).

▮ A court will be deemed to have abused its discretion if the sentence imposed is unreasonable. A term of confinement is reasonable "to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *Id.* In examining the reasonableness of a sentence, we focus on both the nature of the offense and the character of the offender. *State v. Young*, 119 Idaho 510, 808 P.2d 429 (Ct.App.1991).

▮ In considering the character of the offender, there was significant evidence in Mitchell's favor. He had no prior history of felony arrests or convictions. His only prior offenses were citations for speeding and failing to maintain automobile insurance. He apparently had no history of violence; the friends and acquaintances who were interviewed by the presentence investigator or who wrote to the court pri-

or to sentencing uniformly considered Mitchell to be a passive and pleasant person. A psychological evaluation yielded no indication of abnormality.

However, the character of the offenses of which Mitchell was convicted weigh heavily against leniency in sentencing. His attack on the victim during the course of the robbery was vicious and unprovoked and very nearly resulted in her death. Ms. Ringold testified that after the initial stab wound she attempted to escape, but Mitchell continued to stab her until she ceased struggling and resolved to "play dead." The trial court noted during the sentencing hearing: "You did everything that was necessary to kill this victim and without the outstanding emergency and surgical care she received, she would have died. In fact, the medical evidence indicates that she was ten minutes away from death when she received care." Mitchell's continued profession of innocence does not serve to diminish the appropriate punishment. He was found guilty by a jury based upon evidence which the sentencing court properly characterized as "overwhelming."

The trial court considered each of the sentencing objectives set forth in *Toohill*. The court gave particular attention to the primary objective of protecting society, stating "Since you are capable of committing this serious and deadly violence on a small, unthreatening person, protection of society is a serious consideration and one that weighs heavy for long term incarceration." The trial court concluded that lengthy sentences were also necessary to effectuate the objectives of deterrence of Mitchell and others, rehabilitation and retribution.

The sentences imposed here are stringent for a first offense. Nonetheless, we

---

**2.** The maximum incarceration for robbery is life imprisonment. I.C. § 18–6503. The maximum incarceration for attempted murder in the first degree is not clearly specified in the statutes. Idaho Code § 18–306 provides that, unless otherwise prescribed by law, the punishment for attempted crimes shall not exceed one-half of the longest term authorized for the completed crime. The longest term authorized for first degree murder is a life sentence, one-half

of which cannot be calculated. The district court here concluded that the maximum term for attempted murder in the first degree is fifteen years, but did not elaborate upon the basis for that conclusion. Because neither party has asserted that Mitchell's sentence for attempted murder exceeded a statutory limit, we need not address how § 18–306 is to be applied where the completed crime would carry a potential life sentence.

find no abuse of the trial court's discretion. In the case before us we cannot say that the sentences were excessive under any reasonable view of the facts in light of the sentencing criteria set forth in *Toohill* and the senseless, inexplicable brutality of Mitchell's offenses. The trial judge did not err in emphasizing the need to protect society. In sentencing, "[t]he primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must·be, subservient to that end." *State v. Moore,* 78 Idaho 359, 363, 304 P.2d 1101, 1103 (1957). On the evidence before it the trial court could reasonably conclude that Mitchell presents a grave danger to others and that lengthy sentences are necessary to protect society and to accomplish the secondary objectives of retribution, rehabilitation and deterrence. Therefore, the judgments of conviction and the sentences are affirmed.

WALTERS, C.J., and WINMILL, J. pro tem, concur.